1

**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

2

3

KEVIN F. WOODALL, BAR NO. 180650

4

ATTORNEYS FOR PLAINTIFFS, STARVONA HARRIS,
JONATHAN STRICKLAND AND THOSE SIMILARLY SITUATED

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCISCO DIVISION**

11

12   STARVONA HARRIS AND JONATHAN    )   CASE NO. 3:17-CV-00446 HSG
     STRICKLAND, INDIVIDUALLY AND ON )
13   BEHALF OF THOSE SIMILARLY SITUATED, )   FIRST AMENDED COMPLAINT
                                     )
                                     )   CLASS ACTION
         PLAINTIFFS,                 )
14                                   )
                                     )   1) Failure to Pay Overtime Wages in
15       V.                          )      Violation of California Law
                                     )   2) Failure to Make Payments Within
16   BEST BUY STORES, L.P., A LIMITED )      the Required Time in Violation of
     PARTNERSHIP,                    )      California Law
17                                   )   3) Failure to Provide Proper Itemized
         DEFENDANT.                  )      Wage Statements in Violation of
18                                   )      California Law
                                     )   4) Failure to Provide Reimbursements
19                                   )   5) Unfair Competition in Violation of
                                     )      California Law
20                                   )   6) Failure To Provide Personnel File
                                     )      And Employment Records
21                                   )
                                     )
22                                   )
                                     )
23   _____)

24

25

26

27

28

_____
                    FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Starvona Harris and Jonathan Strickland ("PLAINTIFFS"), on behalf of themselves and others similarly situated, make the following allegations against Defendant, Best Buy Stores, L.P. ("DEFENDANT").

## I.    NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. PLAINTIFFS bring this class action against DEFENDANT for engaging in systematic violations of wage and hour laws.  On information and belief, DEFENDANT has failed to pay Plaintiff Jonathan Strickland and other current and former non-exempt California employees overtime wages in violation of the California Labor Code and Industrial Welfare Commission Wage Orders (the "IWC Wage Orders"), all of which contribute to DEFENDANT'S deliberate unfair competition.  In addition, on information and belief, DEFENDANT has failed to provide PLAINTIFFS Starvona Harris and Jonathan Strickland and other former non-exempt California employees with all wages due upon their discharge or resignation in violation of the California Labor Code.  On further information and belief, DEFENDANT also failed to provide PLAINTIFFS and other current and former non-exempt California employees with proper wage statements. In addition, on further, information and belief, DEFENDANT failed to reimburse Plaintiff Starvona Harris and other current and former non-exempt California employees for all business expenses, all in violation of the California Labor Code.  On behalf of herself, Plaintiff Starvona Harris also contends that DEFENDANT failed to produce or make available her entire personnel file and employment records in a timely manner.

2. On behalf of other current and former non-exempt employees who were employed by DEFENDANT in California, PLAINTIFFS assert claims for failure to pay overtime wages, failure to provide proper wage statements, failure to pay all wages due upon their discharge or resignation, failure to reimburse for business related expenses, and unfair competition as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. PLAINTIFFS seek all damages, restitution, statutory penalties and other relief to which they and other similarly situated current and former non-exempt California employees of DEFENDANT are entitled under applicable law.

## II.    JURISDICTION AND VENUE

3. DEFENDANT removed this case on January 27, 2017, asserting there is federal jurisdiction based upon the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, asserting the parties are diverse, there are more than 100 putative class members and the amount in controversy is greater than $5,000,000.  Given the new information submitted by DEFENDANT in support of its Notice of Removal, including sworn declarations indicating the parties are diverse, there are tens of thousands of putative class members and tens of millions of dollars in potential damages and penalties, PLAINTIFFS have decided not to seek remand to state court.  Thus, the Court has federal jurisdiction under CAFA, pursuant to DEFENDANT'S removal.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the relationship between the federal and state claims is such that they form part of the same case or controversy under Article III of the United States Constitution.  Venue is proper in the Northern District of California under 28 U.S.C. § 1391(c)(2), as DEFENDANT is subject to the court's personal jurisdiction and has minimal contacts with this District. DEFENDANT conducts business by selling goods and services, along with employing individuals to provide those goods and services, within the Northern District of California.  In addition, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions underlying the claims in this case occurred in the Northern District of California including, but not limited to, Plaintiff Harris and a portion of the putative class were employed to work, performed work and on information and belief were not timely paid wages and not reimbursed for business expenses in the Northern District of California, among other things.

## III.    INTRADISTRICT ASSIGNMENT

4. Pursuant to Local Rule 3-2, assignment to the San Francisco Division is appropriate because this action arose and a substantial part of the events and omissions giving rise to the claims occurred in the county of San Francisco and other counties set forth under that rule.

FIRST AMENDED CLASS ACTION COMPLAINT

## IV.    PARTIES

5. Plaintiff Starvona Harris is and at all relevant times was a resident of Oakland, California.  From in or about October, 2013 until September, 2014, Plaintiff Starvona Harris was employed by DEFENDANT and performed services at one of DEFENDANT'S stores located in San Francisco, California including, but not limited to, selling merchandise in DEFENDANT'S appliance department.

6. Plaintiff Jonathan Strickland is and at all relevant times was a resident of North Hollywood, California.  In 2014, Plaintiff Jonathan Strickland was employed by DEFENDANT and performed services at one of DEFENDANT'S stores located in West Hollywood, California including, but not limited to, performing work as a consultant agent in the Geek Squad department.

7. At all relevant times, PLAINTIFFS were non-exempt employees of DEFENDANT.

8. At all relevant times, DEFENDANT Best Buy Stores, L.P. was a Virginia Limited Partnership with its principal place of business and headquarters in the State of Minnesota.  DEFENDANT Best Buy Stores, L.P. was the employer of PLAINTIFFS and other similarly situated current and former non-exempt employees, as defined in the California Labor Code and Industrial Welfare Commission Wage Orders.  DEFENDANT sells merchandise to consumers throughout California and the United States, such as televisions, appliances, computers and other items.   DEFENDANT also provides services for consumers throughout California and the United States including, but not limited to, installations and computer troubleshooting.

## V.    PROCEDURAL HISTORY

9. In February, 2015, Plaintiff Starvona Harris filed a putative class action lawsuit in the United States District Court, San Francisco Division, alleging the same claims and allegations asserted in this Complaint.  The case was titled *Starvona Harris v. Best Buy Stores, L.P.* (Case No. 3:15-cv-00657 HSG) (hereinafter "Prior Federal Action"). Specifically, in the Prior Federal Act, Plaintiff Starvona Harris asserted unpaid overtime

4

wage claims under the Fair Labor Standards Act ("FLSA") and California law relating to DEFENDANT'S failure to pay all overtime wages on Monthly Short Term Incentive Bonuses ("Monthly STI Bonuses") paid to her and putative class members throughout the United States.  In addition, in the Prior Federal Action, Plaintiff Starvona Harris asserted that DEFENDANT failed to provide reimbursement for necessary business expenses, issued improper wage statements, failed to timely pay all wages due (including in the appropriate pay period and upon resignation or termination) in violation of California law on behalf of herself and putative California class members.  In the Prior Federal Action, Plaintiff Starvona Harris also alleged that DEFENDANT failed to timely produce her personnel file and employment records in violation of California law.  Attached hereto as Exhibit A is a true and correct copy of the Second Amended Complaint filed in the Prior Federal Action.

10.     In the Prior Federal Action, DEFENDANT filed a motion for summary judgment with respect to all claims asserted by Plaintiff Starvona Harris.  In August, 2016, this Court denied DEFENDANT'S motion for summary judgment in most respects. Specifically, this Court denied DEFENDANT'S motion for summary judgment relating to Plaintiff Starvona Harris's claims for failure to reimburse necessary business expenses under Labor Code § 2802, failure to provide proper and accurate wage statements under Labor Code § 226, failure to timely pay all wages due (including upon termination of employment) under Labor Code §§ 201-203, and failure to timely produce Plaintiff Starvona Harris's personnel file and employment records under Labor Code §§ 226 and 1198.5.  This Court also found that because DEFENDANT claims it calculated the Monthly STI Bonus as a percentage of all wages, it was required by law to calculate the Monthly STI Bonus as a percentage of all wages, including all Path to Excellence bonuses ("Points Rcvd GU") earned during the corresponding fiscal month in order to pay all overtime wages due on the Monthly STI Bonus, which DEFENDANT admittedly failed to do. *Harris v. Best Buy Stores, L.P.*, 2016 U.S. Dist. LEXIS 100538 (N.D. Cal. Aug. 1, 2016).  While this Court originally denied DEFENDANT'S motion for summary

1   judgment as to Plaintiff Starvona Harris's unpaid overtime claim relating to the Monthly

2   STI Bonus, it later reconsidered this portion of its order and found that Plaintiff Starvona

3   Harris could not assert the unpaid overtime claim under FLSA or California law because

4   during the fiscal months she earned Monthly STI Bonuses, Plaintiff Starvona Harris did

5   not work overtime hours in the same workweek she earned a Path to Excellence bonus.

6   *Harris v. Best Buy Stores, L.P.*, 2016 U.S. Dist. LEXIS 148393 (N.D. Cal. Oct. 26,

7   2016).

8          11.     As the only basis for jurisdiction in the Prior Federal Action was federal

9   question under FLSA and this Court determined Plaintiff Starvona Harris could not assert

10  a FLSA claim for the reasons above, this Court dismissed the Prior Federal Action for

11  lack of subject matter jurisdiction on or about December 28, 2016 (dismissing without

12  prejudice the remaining claims).

13         12.     While the Prior Federal Action was pending until the subsequent Complaint

14  was filed in state court, Plaintiff Starvona Harris's claims and the class action claims

15  asserted herein were equitably tolled, as the state court Complaint contained the same

16  allegations as the Prior Federal Action and the state court Complaint, which was later

17  removed to this Court, was filed immediately after the Prior Federal Action was

18  dismissed.  28 U.S.C. § 1367(d); *City of Los Angeles v. County of Kern*, 59 Cal.4th 618

19  (2014); *Jinks v. Richland County*, 538 U.S. 456 (2003); *Appalachian Ins. Co. v.*

20  *McDonnell Douglas Corp.*, 214 Cal.App.3d 1, 40-41 (1989); *Tarkington v. Cal.*

21  *Unemployment Ins. Appeals Bd.*, 172 Cal.App.4th 1494, 1506 (2009); *McDonald v.*

22  *Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100 (2008); *Addison v. State*, 21

23  Cal.3d 313, 321 (1978); *Darnaa, LLC v. Google, Inc.*, 2016 U.S. Dist. LEXIS 152126

24  (N.D. Cal. Nov. 2, 2016); *Hrdina v. World Sav. Bank*, 2012 U.S. Dist. LEXIS 12252

25  (N.D. Cal. 2012); *Tosti v. Los Angeles*, 754 F.2d 1485 (9th Cir. 1985).

26              **VI.    CALIFORNIA CLASS ACTION ALLEGATIONS**

27         13.     Pursuant to Federal Rules of Civil Procedure, Rule 23 ("Rule 23"),

28  PLAINTIFFS seek to represent a Class comprised of DEFENDANT'S non-exempt

employees who were employed in California during the period from four years prior to the filing of the Prior Federal Action (February 11, 2011) until this Court's Order granting class certification who fall within one or more of the following subclasses ("California Class"):

**Overtime Wage Subclass:** During the applicable limitations period, all non-exempt individuals employed by DEFENDANT in California who earned Monthly STI bonuses and in the same fiscal month, earned non-discretionary Path to Excellence bonuses or incentives in the same workweek they worked in excess of eight (8) hours per day and/or in excess of forty (40) hours per week.

**Wage Statement Subclass:** During the applicable limitations period, (1) all non-exempt individuals employed by DEFENDANT in California who received wage statements containing one or more "Previous Period Hrs" entries, (2) all members of the Overtime Wage Subclass, and (3) all non-exempt individuals employed by DEFENDANT in California who received wage statements listing hours worked that do not match the hours worked in their time records for the same pay periods.

**Waiting Time Subclass:** During the applicable limitations period, (1) all members of the Overtime Wage Subclass who are former non-exempt employees of DEFENDANT and (2) all non-exempt individuals formerly employed by DEFENDANT in California who either did not receive their final hourly wages on the date their employment was terminated or within 72 hours of their resignation.

**Unreimbursed Expenses Subclass:** During the applicable limitations period, all non-exempt individuals employed by DEFENDANT in California who used their cell phones, computers or similar devices to perform work-related functions while in DEFENDANT'S stores and facilities.

14.    PLAINTIFFS reserve the right under Rule 23 and other applicable authority to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

15.    PLAINTIFFS' California state law claims, as asserted herein, are brought

1   and may be maintained as a class action under Rule 23.

2       a. **Numerosity**.  The California Class members are so numerous that individual

3           joinder of all of them as plaintiffs is impractical.  While the exact number of

4           California Class members is unknown to PLAINTIFFS at this time, PLAINTIFFS

5           are informed and believe and thereon allege that there are hundreds or thousands

6           of members in the California Class and each of its subclasses.

7       b. **Commonality**.  There are questions of law or fact common to California Class

8           members and members of the subclasses.  Indeed, common issues of fact and law

9           predominate over individual issues.  These common questions include, but are not

10          limited to, the following:

11          1.  Whether DEFENDANT failed to calculate its Monthly STI bonuses as a

12              percentage of all wages earned during the corresponding fiscal months,

13              including non-discretionary Path to Excellence bonuses or incentives that

14              were earned during the same workweeks the California Class members in the

15              Overtime Wage Subclass worked in excess of eight (8) hours per day or forty

16              (40) hours per week, or whether DEFENDANT otherwise failed to separately

17              pay all overtime wages relating to the Monthly STI bonus as required by

18              Labor Code § 510;

19          2.  Whether DEFENDANT failed to provide to California Class members in the

20              Wage Statement Subclass and maintain for at least three years accurate

21              itemized wage statements, itemizing the correct gross and net wages earned,

22              the correct total hours worked, and the correct hours worked at the

23              corresponding correct rates of pay in violation of Labor Code § 226;

24          3.  Whether DEFENDANT failed to timely pay California Class members in the

25              Waiting Time Subclass all hourly wages earned upon their discharge or within

26              72 hours of resignation of employment as required by Labor Code §§ 201-

27              203;

28          4.  Whether DEFENDANT failed to timely pay California Class members in the

8

Waiting Time Subclass and Overtime Wage Subclass all overtime wages relating to the Monthly STI bonus upon their discharge or within 72 hours of resignation of employment as required by Labor Code §§ 201-203;

5. Whether DEFENDANT failed to reimburse California Class Members in the Unreimbursed Expenses Subclass in violation of Labor Code § 2802 for using their own cell phones, computers and similar devices to perform known and/or directed work-related functions while in DEFENDANT'S stores and facilities, including calling DEFENDANT'S customers, employees, stores, warehouses and other locations, and performing computer searches and tasks for DEFENDANT'S customers, supervisors and other employees;

6. Whether DEFENDANT engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code and Business & Professions Code § 17200 by (a) failing to pay California Class members in the Overtime Wage Subclass all overtime wages relating to Monthly STI bonuses and/or (2) knowingly failing to reimburse California Class members in the Unreimbursed Expenses Subclass for using their own cell phones, computers and similar devices while in DEFENDANT'S stores, including calling DEFENDANT'S customers, employees, stores, warehouses and other locations, and performing computer searches and tasks for DEFENDANT'S customers, supervisors and other employees.

c. **Typicality.**   PLAINTIFFS are members of the California Class as alleged herein, and their claims are typical of the claims of the other California Class members who PLAINTIFFS seek to represent.  PLAINTIFFS suffered the same kinds of injuries suffered by other California Class members and seek the same kind of relief sought by other California Class members.

d. **Adequate Representation.**  PLAINTIFFS will adequately and fairly protect the interests of the members of the California Class.  PLAINTIFFS have no interests adverse to the interests of the absent California Class members.  PLAINTIFFS are

9

represented by legal counsel with substantial class action experience in civil litigation and employment law.

16.    This case is brought and may be maintained as a class action under Rule 23 and other applicable authority.  Questions of law or fact common to California Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual California Class members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by DEFENDANT'S unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.    FACTUAL ALLEGATIONS

17.    PLAINTIFFS and current and former non-exempt California employees of DEFENDANT sold merchandise, performed services and other tasks for DEFENDANT. They were paid an hourly rate of pay for the work performed, along with non-discretionary bonuses or incentives.  Although the bonuses and incentives should have been taken into account when determining the regular rate of pay for overtime purposes, on information and belief DEFENDANT failed to do so.  This resulted in Plaintiff Jonathan Strickland and other current and former non-exempt employees of DEFENDANT not receiving all overtime compensation due to them.  For example, although Plaintiff Jonathan Strickland and other current and former non-exempt California employees earned non-discretionary monthly bonuses through a Short-Term Incentive Program ("Monthly STI Bonus"), DEFENDANT did not pay the correct overtime premium for such bonuses.  Although DEFENDANT claims that it paid

overtime on the non-discretionary monthly bonuses because the bonuses were calculated as a percentage of all regular and overtime wages, this did not occur.  On information and belief, through another non-discretionary bonus or incentive program (i.e., the Path to Excellence program), Plaintiff Jonathan Strickland and other current and former non-exempt California employees of DEFENDANT earned points relating to good customer comments and other measures that they used to purchase gift cards, merchandise and other items.  On their wage statements, the points are listed as "Points Rcvd GU" and "Points Rcvd OT" under the "earnings" section, yet DEFENDANT failed to include these regular and overtime earnings when calculating the non-discretionary monthly bonus –the Monthly STI Bonus.  For example, for fiscal month June, 2015, which was from approximately June 1, 2014 until July 5, 2014, on information and belief Plaintiff Jonathan Strickland worked overtime hours in the same workweeks that he earned non-discretionary Path to Excellence bonuses in that fiscal month.  However, Plaintiff Jonathan Strickland did not receive the correct overtime premium for the Monthly STI bonus earned in the fiscal month of June, 2015 because it was not calculated as a percentage of all regular and overtime earnings, including $33.47 in "Points Rcvd GU" and $1.31 in "Points Rcvd OT" listed as "earnings" in Plaintiff Jonathan Strickland's wage statement for the period ending June 7, 2014 and $50.22 in "Points Rcvd GU" and $.66 in "Points Rcvd OT" listed as "earnings" in Plaintiff Jonathan Strickland's wage statement for period ending June 21, 2014.  As a result, DEFENDANT failed to pay Plaintiff Jonathan Strickland and other similarly situated current and former non-exempt California employees sufficient overtime wages under the Labor Code.

18.    On information and belief, DEFENDANT violated California Labor Code § 2802 by failing to reimburse Plaintiff Starvona Harris and other current and former non-exempt employees for using their own cell phones, computers or similar devices to perform known and/or directed work-related functions while in DEFENDANT'S stores, including calling DEFENDANT'S customers, employees, stores, warehouses and other locations, and performing computer searches and tasks for DEFENDANT'S customers,

1    supervisors and other employees.

2        19.    On information and belief, DEFENDANT did not provide proper wage

3    statements to PLAINTIFFS and other current and former non-exempt individuals

4    employed by DEFENDANT in California.  On further information and belief, the wage

5    statements did not list the correct gross and net wages due, the correct hourly rates of pay

6    and the correct number of hours worked at those rates of pay and the correct hours

7    worked, among other things required by Labor Code § 226.  For example, on information

8    and belief, Plaintiff Starvona Harris and other current and former non-exempt California

9    employees of DEFENDANT did not receive wage statements that contain the correct

10   gross and net wages earned, the correct hours worked and the correct hours worked at the

11   corresponding rates of pay because DEFENDANT failed to timely pay their wages.

12   Among other things, in many pay periods, DEFENDANT did not attribute hours worked

13   and related gross and net wages to Plaintiff Starvona Harris and other current and former

14   non-exempt California employees, but instead untimely paid and attributed hours to them

15   in subsequent pay periods.  The inaccuracies are reflected in the wage statements of

16   Plaintiff Starvona Harris and other current and former non-exempt California employees

17   of DEFENDANT that list "Previous Period Hrs" and the previous wage statements, as

18   determined from the timesheets, timecards, wage statements and other timekeeping

19   records maintained by DEFENDANT.  For example, for Plaintiff Starvona Harris, her

20   wage statement for pay period February 16, 2014 until March 1, 2014 does not reflect

21   14.10 hours worked by Plaintiff Starvona Harris and the related gross and net wages

22   earned, but the same hours and pay are incorrectly listed as "Previous Period Hrs" in

23   Plaintiff Starvona Harris's wage statement for pay period March 2, 2014 until March 15,

24   2014.  Likewise, Plaintiff Starvona Harris's wage statement for pay period March 2, 2014

25   until March 15, 2014 does not list .17 hours worked by Plaintiff Starvona Harris and

26   related gross and net wages, but the same hours and pay are incorrectly listed as

27   "Previous Period Hrs" in Plaintiff Starvona Harris's wage statement for pay period March

28   16, 2014 until March 29, 2014.  Plaintiff Starvona Harris's wage statement for pay period

May 25, 2014 until June 7, 2014 does not reflect 7.45 hours worked by Plaintiff Starvona Harris or the related gross and net wages earned, but the same hours and pay are incorrectly listed as "Previous Period Hrs" in Plaintiff Starvona Harris's wage statement for pay period June 8, 2014 until June 21, 2014.  Plaintiff Jonathan Strickland and other current and former non-exempt California employees received inaccurate wage statements because they did not receive overtime wages relating to the Monthly STI bonus, including wage statements that fail to list the correct gross and net wages earned, incorrect rates of pay, and the correct rates of pay at the corresponding correct hours worked, among other things.

20.    On information and belief, when PLAINTIFFS and other former non-exempt California employees of DEFENDANT were discharged or resigned, DEFENDANT did not pay them all wages due including, but not limited to, regular and/or unpaid overtime wages.  For example, DEFENDANT failed to pay all of Plaintiff Jonathan Strickland's wages mentioned above, which remain unpaid after his employment ended in or about October, 2014.  DEFENDANT also terminated Plaintiff Starvona Harris's employment on September 13, 2014, but did not pay her final wages until September 16, 2014.

21.    On or about November 28, 2014, Plaintiff Starvona Harris by and through her counsel made a written request to obtain her personnel file, all documents signed by her relating to obtaining or holding employment and all of her wage statements pursuant to Labor Code sections 432, 226 and 1198.5.  DEFENDANT failed to produce all responsive documents or make them available to Plaintiff Starvona Harris and her counsel.  For example, DEFENDANT did not produce a letter terminating Plaintiff Starvona Harris's employment effective September 13, 2014, wage statements and timesheets, among other things.  DEFENDANT did not produce the foregoing missing records until after Plaintiff Starvona Harris brought the Prior Federal Action in February, 2015 and sought the records during discovery.

//

FIRST AMENDED CLASS ACTION COMPLAINT

# VIII.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### (Violation of Labor Code §§ 510, 1194 and 1198)

**(By Plaintiff Jonathan Strickland, on behalf of himself and California Class members in the Overtime Wage Subclass)[1]**

22.    Plaintiff Jonathan Strickland realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

23.    Plaintiff Jonathan Strickland and California Class members in the Overtime Wage Subclass were "non-exempt" employees of DEFENDANT who did not receive proper protections and benefits of the laws governing payment of overtime wages.

24.    During the employment of Plaintiff Jonathan Strickland and California Class members in the Overtime Wage Subclass with DEFENDANT, they were not exempt from receiving overtime compensation and were entitled to receive overtime compensation under Labor Code §§ 510, 1194 and 1198 and IWC Wage Orders for any and all work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week.

25.    On information and belief, DEFENDANT knowingly and willfully failed to pay Plaintiff Jonathan Strickland and California Class members in the Overtime Wage Subclass all overtime compensation owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per week and during the first 8 hours worked on the seventh day of a workweek; and (b) 2 times their regular rate of pay for all hours worked in excess of 12 hours per day and for any work

---

[1]    In light of the Prior Federal Action, in which the federal court found on reconsideration of DEFENDANT'S motion for summary judgment that Plaintiff Starvona Harris could not assert a FLSA or California unpaid overtime claim (including unpaid overtime claims relating to her Monthly STI Bonus) because she did not earn a Path to Excellence bonus or incentive in the same workweek that she worked overtime, Plaintiff Starvona Harris does not re-allege the same claim in this Complaint on behalf of herself or a putative class.  As alleged herein, Plaintiff Jonathan Strickland brings this unpaid overtime claim on behalf of himself and the California Class members in the Overtime Wage Subclass to the extent they earned a Monthly STI Bonus and in the same fiscal month, they earned a non-discretionary Path to Excellence bonus or incentive in the same workweek they worked overtime.

FIRST AMENDED CLASS ACTION COMPLAINT

1  performed in excess of 8 hours on any seventh day of a workweek.

2      26.      On information and belief, Plaintiff Jonathan Strickland and California

3  Class members in the Overtime Wage Subclass earned Monthly STI Bonuses, but

4  DEFENDANT did not pay all overtime wages related to said Monthly STI Bonuses

5  because it did not calculate them as a percentage of total wages earned in the same fiscal

6  month, including non-discretionary Path to Excellence bonuses or incentives earned in

7  the same workweeks that overtime hours were worked.  DEFENDANT also failed to pay

8  a separate overtime premium to Plaintiff Jonathan Strickland and California Class

9  members in the Overtime Wage Subclass relating to the Monthly STI Bonuses.

10      27.      On information and belief, as a direct result, Plaintiff Jonathan Strickland

11  and California Class members in the Overtime Wage Subclass have suffered and continue

12  to suffer, substantial losses related to the use and enjoyment of such wages, lost interest

13  on such wages and expenses and attorney's fees in seeking to compel DEFENDANT to

14  fully perform its obligations under state law, all to their respective damage in amounts

15  according to proof at trial.  Plaintiff Jonathan Strickland, on behalf of himself and

16  California Class members in the Overtime Wage Subclass, seeks to recover in a civil

17  action the unpaid balance of the full amount of the unpaid overtime compensation,

18  including interest thereon, reasonable attorney's fees, and costs of suit, and other

19  remedies provided under the Labor Code.

20                    **SECOND CAUSE OF ACTION**
21          **FAILURE TO PAY WAGES WITHIN REQUIRED TIME**
                **(Violations of Labor Code §§ 201, 202 and 203)**
22

23      **(By PLAINTIFFS, on behalf of themselves and California Class members in
                        the Waiting Time Subclass)**

24      28.      PLAINTIFFS reallege and incorporate by this reference the foregoing

25  paragraphs as though fully set forth herein.

26      29.      Labor Code § 201 requires DEFENDANT to immediately pay any wages,

27  without abatement or reduction, to any employee who is discharged.  Labor Code § 202

28  requires DEFENDANTS to pay all wages earned and unpaid, without abatement or

                                          15

reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours' notice of intent to quit.

30. For a willful violation of Labor Code §§ 201 and/or 202, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

31. On information and belief, DEFENDANT willfully did not provide PLAINTIFFS and California Class members in the Waiting Time Subclass, after their discharge or resignation, with all wages due and owing including, but not limited to, all regular and overtime wages by the times specified by Labor Code § 201 or 202. Consequently, pursuant to Labor Code § 203, DEFENDANT owes PLAINTIFFS and California Class members in the Waiting Time Subclass the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which PLAINTIFFS seek on behalf of themselves and California Class members in the Waiting Time Subclass.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Violation of Labor Code § 226)

**(By PLAINTIFFS, on behalf of themselves and California Class members in the Wage Statement Subclass)**

32. PLAINTIFFS reallege and incorporate the foregoing paragraphs as though fully set forth herein.

33. Labor Code § 226(a) requires that employers, including DEFENDANT, to furnish its employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly

16

1    rates in effect during the pay period and the corresponding number of hours worked at

2    each hourly rate by the employee, among other things

3        34.    On information and belief, DEFENDANT knowingly and intentionally

4    failed to provide PLAINTIFFS and California Class members in the Wage Statement

5    Subclass with the above-described writing required by Labor Code § 226 through actions

6    alleged herein including, but not limited to, failing to provide the correct hours worked,

7    the correct gross and net wages earned, the correct number of hours worked at the correct

8    hourly rates and/or the correct hourly rates of pay.

9        35.    On information and belief, DEFENDANT'S failure to provide a proper

10   writing deprived PLAINTIFFS and California Class members in the Wage Statement

11   Subclass with the ability to know, understand and question the rates of pay, hours worked

12   and calculation of wages earned and/or paid by DEFENDANT.  PLAINTIFFS and

13   California Class members in the Wage Statement Subclass therefore, had no way to

14   dispute the resulting miscalculation of wages, all of which resulted in an unjustified

15   economic enrichment to DEFENDANT.  PLAINTIFFS and California Class members in

16   the Wage Statement Subclass could not determine the required information from their

17   wage statements alone, which damaged them under Labor Code § 226.  DEFENDANT'S

18   failure to provide the proper writing also required PLAINTIFFS and California Class

19   members in the Wage Statement Subclass to spend and continue to spend attorney's fees

20   and costs to determine the wages owed to them, among other things.  As a direct result,

21   PLAINTIFFS and California Class members in the Wage Statement Subclass suffered

22   and continue to suffer, substantial losses related to the use and enjoyment of such wages,

23   lost interest on such wages and expenses and attorney's fees and costs in seeking to

24   gather information and compel DEFENDANT to fully perform its obligation under state

25   law, all to their respective damage in amounts according to proof at trial.

26       36.    Labor Code § 226(e) requires DEFENDANT to pay the greater of all actual

27   damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred,

28   and one hundred dollars ($100.00) per employee for each violation in subsequent pay

periods, plus attorney's fees and costs, to PLAINTIFFS and California Class members in the Wage Statement Subclass who were injured by DEFENDANT'S failure to comply with Labor Code § 226(a), which PLAINTIFFS seeks on behalf of themselves and California Class members in the Wage Statement Subclass. The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

**FOURTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**

**(By Plaintiff Starvona Harris, on behalf of herself and California Class members in the Unreimbursed Expenses Subclass)**

37.     Plaintiff Starvona Harris realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

38.     Pursuant to California Labor Code Section 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

39.     On information and belief, Plaintiff Starvona Harris and California Class members in the Unreimbursed Expenses Subclass, including Plaintiff Jonathan Strickland, made necessary expenditures and incurred losses as a direct consequence of the discharge of their duties and in obedience to the directions and knowledge of DEFENDANT, such as using their cell phones, computers and/or similar devices to contact DEFENDANT'S customers, employees, stores, warehouses and other locations, and/or to perform computer searches and tasks for DEFENDANT'S customers, supervisors and other employees while in DEFENDANT'S stores and facilities.

40.     On information and belief, DEFENDANT was responsible for reimbursing Plaintiff Starvona Harris and California Class members in the Unreimbursed Expenses Subclass for their expenditures and losses as a direct consequence of the discharge of their duties, such as the costs of their cell phones, computers, devices and/or internet plans or a portion thereof, but failed to do so. On information and belief, DEFENDANT

18

did not maintain a policy or practice of reimbursing employees for such expenses while they worked in DEFENDANT'S stores and facilities.

41.      On information and belief, as a result of DEFENDANT'S unlawful conduct, Plaintiff Starvona Harris and California Class members in the Unreimbursed Expenses Subclass have suffered damages.  Plaintiff Starvona Harris and California Class members in the Unreimbursed Expenses Subclass are entitled to recover the full amount of the unpaid expenditures and losses, interest thereon, reasonable attorney's fees and costs of suit.

**FIFTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Violation of Business and Professions Code § 17200)**

**(By PLAINTIFFS, on behalf of themselves and California Class members in the Overtime Wage Subclass and/or Unreimbursed Expenses Subclass)**

42.      PLAINTIFFS reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

43.      California Business & Professions Code § 17200 et seq. prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."  On information and belief, PLAINTIFFS and California Class members in the Overtime Wage Subclass and/or Unreimbursed Expenses Subclass, as herein alleged, have suffered and continue to suffer injuries in fact, due to the unlawful, fraudulent and unfair business practices of DEFENDANT.

44.      As alleged herein, on information and belief, DEFENDANT systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked and failing to reimburse employees for necessary business-related expenses all in order to decrease its costs of doing business and increase its profits.

45.      On information and belief, at the time that PLAINTIFFS and California Class members in the Overtime Wage Subclass and/or Unreimbursed Expenses Subclass were hired, DEFENDANT knowingly, intentionally and illegally misrepresented to each

1   of them conformance with the California Labor Code and/or IWC Wage Orders,

2   including the payment of promised bonuses and other wages and the reimbursement of

3   the expenses.

4   46.   On information and belief, at all relevant times, DEFENDANT failed to

5   comply with the California Labor Code and IWC Wage Orders through its actions as

6   herein alleged including, but not limited to, its failure to: (1) pay all wages due for all

7   hours worked, including overtime wages and bonuses, and (2) provide reimbursement for

8   all business related expenses.

9   47.   At all times relevant, on information and belief, DEFENDANT

10  intentionally avoided paying to PLAINTIFFS and California Class members in the

11  Overtime Wage Subclass and/or Unreimbursed Expenses Subclass wages and/or monies

12  and other financial obligations attached thereto, thereby creating for DEFENDANT an

13  artificially lower cost of doing business in order to undercut competitors and establish

14  and/or gain a greater foothold in the marketplace, all to the detriment of PLAINTIFFS

15  and California Class members in the Overtime Wage Subclass and/or Unreimbursed

16  Expenses Subclass.

17  48.   On information and belief, at all times relevant herein PLAINTIFFS and

18  California Class members in the Overtime Wage Subclass and/or Unreimbursed

19  Expenses Subclass relied on and believed DEFENDANT'S representations concerning its

20  conformance with the California wage and hour laws, all to their detriment.

21  49.   On information and belief, as a result of DEFENDANT'S intentional,

22  willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the

23  Labor Code and IWC Wage Orders, PLAINTIFFS and California Class members in the

24  Overtime Wage Subclass and/or Unreimbursed Expenses Subclass suffered a loss of

25  wages and/or monies, all in an amount to be shown according to proof at trial.  By

26  violating the foregoing statutes and regulations as herein alleged, DEFENDANT'S acts

27  constitute unfair, fraudulent and unlawful business practices under Business and

28  Professions Code § 17200 et seq.

50.      As a result of the unfair, fraudulent and unlawful business practices of DEFENDANT alleged herein, PLAINTIFFS and California Class members in the Overtime Wage Subclass and/or Unreimbursed Expenses Subclass are entitled to declaratory relief, injunctive relief, disgorgement, and restitution in an amount according to proof.  As private attorneys general under California Civil Code § 1021.5, PLAINTIFFS, on behalf of themselves and California Class members in the Overtime Wage Subclass and/or Unreimbursed Expenses Subclass, seek to recover any and all attorney's fees incurred herein.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PRODUCE PERSONNEL FILE AND EMPLOYMENT RECORDS**

**(Violation of Labor Code §§ 226(b) & (c), 432 and 1198.5)**

(**By Plaintiff Harris, On Behalf of Herself**)

51.      Plaintiff Starvona Harris realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

52.      Labor Code § 432 provides "[i]f an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."  Labor Code § 226(b) provides an employer shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.  Labor Code § 226(c) provides that an employer who receives a written or oral request to inspect or copy records pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.  If an employer fails to permit a current or former employee to inspect or copy records within 21 days of the request, the current or former employee is entitled to a $750 penalty and an award of costs and reasonable attorney's fees under Labor Code § 226(f) & (g).  Labor Code § 1198.5 provides that current and former employees, through their representatives or otherwise, have the right to inspect and receive a copy of their personnel files within 30 calendar days of making a written request.   If an employer fails to permit the

21

1   inspection of the personnel file within 30 calendar days of the request, the current or

2   former employee may recover a penalty of $750 from the employer and his/her costs and

3   reasonable attorney's fees under Labor Code § 1198.5(k) & (l).

4         53.       On or about November 28, 2014, by and through her attorney, Plaintiff

5   Starvona Harris made a written request for her personnel file, wage statements,

6   documents signed by Plaintiff Starvona Harris relating to the obtaining or holding

7   employment, and other records relating to Plaintiff Starvona Harris's employment.

8   DEFENDANT failed to produce all requested documents within 30 days of the written

9   request in violation of Labor Code §§ 226, 432 and 1198.5.  In fact, DEFENDANT did

10   not produce some of the requested documents until Plaintiff Starvona Harris brought the

11   Prior Federal Action and requested the documents during discovery.

12         54.       As a result, Plaintiff Starvona Harris is entitled to and seeks $750 in

13   penalties under both Labor Code §§ 226 and 1198.5, injunctive relief and reasonable

14   attorney's fees and costs.

## PRAYER FOR RELIEF

16         WHEREFORE, PLAINTIFFS, on behalf of themselves and similarly situated

17   current and former non-exempt California employees of DEFENDANT, including the

18   California Class and its subclasses, pray for judgment and relief against DEFENDANT as

19   follows:

20         a.       An order certifying that PLAINTIFFS may pursue their California

21   state law claims against DEFENDANT as a class action on behalf of the California Class,

22   the Wage Statement Subclass, the Overtime Wage Subclass, Waiting Time Subclass and

23   Unreimbursed Expenses Subclass under Federal Rules of Civil Procedure, Rule 23;

24         b.       An order appointing PLAINTIFFS as Class representatives and

25   appointing PLAINTIFFS' counsel as Class Counsel;

26         c.       For general damages and special damages including, but not limited

27   to, unpaid wages, agreed upon wages, overtime wages, and/or unreimbursed expenses;

28         d.       For reasonable attorney fees, cost of suit, and interest to the extent

permitted by law, including pursuant to Civil Code § 1021.5 and the California Labor Code;

e.    Statutory penalties under Labor Code sections 226, 203 and other applicable Labor Code provisions;

f.    For restitution, injunctive relief, declaratory relief and other relief provided by Business and Professions Code § 17200 et seq., including a declaratory judgment that DEFENDANT violated Labor Code §§ 201, 202, 203, 204, 226, 226.3, 510 and other provisions of the Labor Code, and/or Orders of the Industrial Welfare Commission, and a permanent injunction prohibiting DEFENDANT from future violations of the same laws;

g.    For an order requiring DEFENDANT to restore and disgorge all funds to PLAINTIFFS and California Class members acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200 et seq.;

h.    For an award of damages in the amount of unpaid compensation including, but not limited to unpaid wages, benefits and penalties according to proof, including interest thereon;

i.    Penalties under Labor Code §§ 226(f)&(g) and 1198.5(k);

j.    For an accounting to determine all money wrongfully obtained and held by DEFENDANT;

k.    For pre- and post-judgment interest, and

//

//

//

FIRST AMENDED CLASS ACTION COMPLAINT

1    l.    For such other relief as the Court deems just and proper.

2

3    DATE:  FEBRUARY 7, 2017                    WOODALL LAW OFFICES

4

5                                              BY:  /S/KEVIN F. WOODALL
                                                    KEVIN F. WOODALL
6                                              ATTORNEYS FOR PLAINTIFFS, STARVONA
                                               HARRIS AND JONATHAN STRICKLAND AND
7                                              SIMILARLY SITUATED FORMER AND
                                               CURRENT EMPLOYEES OF DEFENDANT
8

9                        **DEMAND FOR JURY TRIAL**

10       A jury trial is hereby demanded by Plaintiffs.

11                                             WOODALL LAW OFFICES
     DATE:  FEBRUARY 7, 2017
12

13

14                                             BY:  /S/KEVIN F. WOODALL
                                                    KEVIN F. WOODALL
15                                             ATTORNEYS FOR PLAINTIFFS, STARVONA
                                               HARRIS AND JONATHAN STRICKLAND AND
16                                             SIMILARLY SITUATED FORMER AND
                                               CURRENT EMPLOYEES OF DEFENDANT
17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT A**

**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFF, STARVONA HARRIS AND
THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STARVONA HARRIS, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> BEST BUY STORES, L.P., A LIMITED PARTNERSHIP, <br><br> DEFENDANT. | CASE NO.  3:15-CV-00657 HSG <br><br> SECOND AMENDED COMPLAINT FOR FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION; REPRESENTATIVE ACTION <br><br> 1) Failure to Pay Overtime Wages in Violation of FLSA <br> 2) Failure to Pay Overtime Wages in Violation of California Law <br> 3) Failure to Make Payments Within the Required Time in Violation of California Law <br> 4) Failure to Provide Proper Itemized Wage Statements in Violation of California Law <br> 5) Failure to Provide Reimbursements <br> 6) Unfair Competition in Violation of California Law <br> 7) Failure To Provide Personnel File And Employment Records <br> 8) Representative Claim for Violations of Private Attorney General Act under Labor Code § 2698 et seq. <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Starvona Harris, on behalf of herself and others similarly situated, makes the following allegations against Defendant, Best Buy Stores, L.P.

## I.   NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiff STARVONA HARRIS ("PLAINTIFF") brings this collective action and class action against Defendant BEST BUY STORES, L.P. ("DEFENDANT") for engaging in systematic violations of wage and hour laws.  On information and belief, DEFENDANT has failed to pay PLAINTIFF and other current and former non-exempt employees overtime wages in violation of the California Labor Code, Industrial Welfare Commission Wage Orders (the "IWC Wage Orders") and the Fair Labor Standards Act ("FLSA"), all of which contribute to DEFENDANT'S deliberate unfair competition.  In addition, on information and belief, DEFENDANT has failed to provide PLAINTIFF and its current and former non-exempt California employees with proper wage statements, failed to pay the same employees all wages due upon their discharge or resignation, and failed to reimburse employees for all business expenses, all in violation of the California Labor Code.  On behalf of herself, PLAINTIFF also contends that DEFENDANT failed to produce or make available her entire personnel file and employment records in a timely manner.

2. On behalf of other current and former non-exempt employees who were employed by DEFENDANT throughout the United States, PLAINTIFF asserts claims for failure to pay overtime wages as a collective action pursuant to 29 U.S.C. § 216(b).  On behalf of other current and former non-exempt employees who were employed by DEFENDANT in California, PLAINTIFF asserts claims for failure to pay overtime wages, failure to provide proper wage statements, failure to pay all wages due upon their discharge or resignation, failure to reimburse for business related expenses, and unfair competition as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFF seeks all damages, restitution, statutory penalties, civil penalties and other relief to which she and other similarly situated current and former non-exempt employees of DEFENDANT are entitled under the FLSA and California law.

## II.     JURISDICTION

3.  The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as PLAINTIFF asserts claims under the FLSA.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the relationship between the federal and state claims is such that they form part of the same case or controversy under Article III of the United States Constitution.

## III.     VENUE

4.  Venue is proper in the Northern District of California under 28 U.S.C. § 1391(c)(2), as DEFENDANT is subject to the court's personal jurisdiction and has minimal contacts with this District.  DEFENDANT conducts business by selling goods and services, along with employing individuals to provide those goods and services, within the Northern District of California.  In addition, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions underlying the claims in this case occurred in the Northern District of California including, but not limited to, PLAINTIFF and a portion of the putative class were employed to work, performed work and on information and belief were not paid wages and not reimbursed for business expenses in the Northern District of California.

## IV.     INTRADISTRICT ASSIGNMENT

5.  Pursuant to Local Rule 3-2(d), assignment to the San Francisco Division is appropriate because this action arose and a substantial part of the events and omissions giving rise to the claims occurred in the county of San Francisco and other counties set forth under that rule.

## V.     PARTIES

6.  Plaintiff Starvona Harris is and at all relevant times was a resident of Oakland, California.  From in or about October, 2013 until September, 2014, Plaintiff Starvona Harris was employed by DEFENDANT and performed services at one of DEFENDANT'S stores located in San Francisco, California including, but not limited to, selling merchandise in DEFENDANT'S appliance department.

3

7.  At all relevant times, PLAINTIFF was a non-exempt employee of DEFENDANT. Furthermore, PLAINTIFF is an "aggrieved employee" within the meaning of Labor Code § 2699(c) because she was employed by DEFENDANT and suffered the Labor Code violations in common with former or current non-exempt employees of DEFENDANT.

8.  At all relevant times, DEFENDANT Best Buy Stores, L.P. was a Virginia Limited Partnership with its principal place of business and headquarters in the State of Minnesota.  DEFENDANT Best Buy Stores, L.P. was the employer of PLAINTIFF and other similarly situated current and former non-exempt employees, as defined in the California Labor Code, Industrial Welfare Commission Wage Orders and FLSA. DEFENDANT sells merchandise to consumers throughout the United States, such as televisions, appliances, computers and other items.   DEFENDANT also provides services for consumers throughout the United States including, but not limited to, installations and computer troubleshooting.

## VI.     FLSA COLLECTIVE ACTION ALLEGATIONS

9.  PLAINTIFF'S claim for failure to pay overtime wages in violation of the FLSA is brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and other current and former non-exempt employees of DEFENDANT who were employed by DEFENDANT anywhere in the United States (collectively "DEFENDANT'S current and former non-exempt employees").

10.     At all relevant times, including the last three years, PLAINTIFF and other current and former non-exempt employees of DEFENDANT have been similarly situated in that, on information and belief, they have not been paid overtime wages for all hours worked in excess of 40 hours per week.  At all relevant times, PLAINTIFF and other current and former non-exempt employees of DEFENDANT have been subjected to DEFENDANT'S common practices, policies, programs, procedures and plans, which have resulted in the willful failure by DEFENDANT to pay overtime wages in violation of the FLSA.

11.     Although the names and addresses of the other current and former non-

4

exempt employees of DEFENDANT are not yet known to PLAINTIFF, they are readily ascertainable from the records maintained by DEFENDANT and believed to be numerous, greater than 1000 current and former employees. As PLAINTIFF has the same claims and damages of DEFENDANT'S other current and former employees, their claims are typical of the putative collective action class, and common issues predominate including, but not limited to, whether they were paid all overtime wages due to DEFENDANT'S common policies and practices. PLAINTIFF and her counsel will adequately represent the putative collective action because their interests are not adverse to DEFENDANT'S other current and former employees, and PLAINTIFF'S counsel are experienced in class action litigation. Notice of this action and the right to "opt-in" as a plaintiff for the purpose of PLAINTIFF'S collective action can be given to the other current and former non-exempt employees via first class mail at their last known address known by DEFENDANT.

12. Attached hereto as Exhibit 1 is the signed consent forms of PLAINTIFF to be a party to the collective action brought by her under the FLSA. PLAINTIFF is informed and believes and thereon alleges that, upon being given notice of her rights, many other current and former non-exempt employees of DEFENDANT will likewise consent to join as plaintiffs in the collective action brought by PLAINTIFF against DEFENDANT.

## VII. CALIFORNIA CLASS ACTION ALLEGATIONS

13. PLAINTIFF brings her California state law claims on behalf of herself and all other similarly situated current and former non-exempt employees of DEFENDANT who worked in California (collectively, the "California Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the California Class are part of the Wage Statement Subclass, the Overtime Wage Subclass, Waiting Time Subclass, the Unreimbursed Expenses Subclass and/or the UCL Subclass, which are defined as follows:

**California Class:** All persons who, at any time since the date four years before the

filing of the complaint in this action ("Relevant Time Period"), were employed by DEFENDANT anywhere in California as non-exempt employees.

**Wage Statement Subclass:** All members of the California Class who, during the applicable limitations period, did not receive accurate itemized wage statements as required by Labor Code § 226.

**Overtime Wage Subclass:** All members of the California Class who, during the Relevant Time Period, worked in excess of eight (8) hours per day and/or in excess of forty (40) hours per week, and who did not receive overtime pay at the requisite overtime rates of pay.

**Waiting Time Subclass:** All members of the California Class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**Unreimbursed Expenses Subclass:** All members of the California Class who, during the applicable limitations period, did not have their business related expenses reimbursed as required by Labor Code § 2802.

**UCL Subclass:** All members of the California Class who, during the Relevant Time Period, are owed restitution in the form of wages earned and unpaid and unreimbursed expenses as a result of DEFENDANT'S uniform pay policies and procedures.

14.     PLAINTIFF reserves the right under the Federal Rules of Civil Procedure and other applicable authority to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

15.     PLAINTIFF'S California state law claims are brought and may be maintained as a class action under Rule 23(a), (b)(3) of the Federal Rules of Civil Procedure.

   a. **<u>Numerosity</u>**.  The California Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of California Class members is unknown to PLAINTIFF at this time, PLAINTIFF is

6

informed and believes and thereon allege that there are hundreds or thousands of members in the California Class and each of its subclasses.

b. **Commonality**.  There are questions of law or fact common to California Class members.  Indeed, common issues of fact and law predominate over individual issues.  These common questions include, but are not limited to, the following:

1. Whether DEFENDANT failed to pay California Class members for all overtime wages at the legally required and applicable regular rate of pay for each hour worked in excess of eight (8) hours per day or forty (40) hours per week;

2. Whether DEFENDANT failed to provide to California Class members and maintain for at least three years accurate itemized wage statements, itemizing the correct gross and net wages earned, the total hours worked, the correct rates of pay and the correct hours worked at each rate of pay, among other things required by Labor Code § 226;

3. Whether DEFENDANT failed to pay California Class members all wages earned upon their discharge or resignation of employment as required by Labor Code §§ 201-203;

4. Whether DEFENDANT failed to reimburse California Class Members for all business related expenses; and

5. Whether DEFENDANTS engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

c. **Typicality.**  PLAINTIFF is a member of the California Class, and her claims are typical of the claims of the other California Class members who PLAINTIFF seeks to represent.  PLAINTIFF suffered the same kinds of injuries suffered by other California Class members and seeks the same kind of relief sought by other California Class members.

d. **Adequate Representation.**  PLAINTIFF will adequately and fairly protect the

7

interests of the members of the California Class. PLAINTIFF has no interests adverse to the interests of the absent California Class members. PLAINTIFF is represented by legal counsel with substantial class action experience in civil litigation and employment law.

16.    This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual California Class members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by DEFENDANT'S unlawful practices to effectively pursue recovery of the sums owed to them.

## VIII.    FACTUAL ALLEGATIONS

17.    PLAINTIFF and current and former non-exempt employees of DEFENDANT sold merchandise, performed services and other tasks for DEFENDANT. They were paid an hourly rate of pay for the work performed, along with non-discretionary bonuses or incentives. Although the bonuses and incentives should have been taken into account when determining the regular rate of pay for overtime purposes, on information and belief DEFENDANT failed to do so. This resulted in PLAINTIFF and current and former non-exempt employees of DEFENDANT not receiving all overtime compensation due to them. For example, although PLAINTIFF and DEFENDANT'S other current and former non-exempt employees earned non-discretionary monthly bonuses through a Short-Term Incentive Program, DEFENDANT

8

did not pay the correct overtime premium for such bonuses. Although DEFENDANT claims that it paid overtime on the non-discretionary monthly bonuses because the bonuses were calculated as a percentage of all regular and overtime wages, this did not occur. On information and belief, through another non-discretionary bonus or incentive program, PLAINTIFF and other current and former non-exempt employees of DEFENDANT earned points relating to good customer comments that they used to purchase gift cards, merchandise and other items. On their wage statements, the points are listed as "Points Rcvd GU" under the "earnings" section, yet DEFENDANT failed to include these regular and overtime earnings when calculating the non-discretionary monthly bonus. On further information and belief, DEFENDANT also failed to properly calculate the non-discretionary monthly bonus with other regular and overtime wages, as DEFENDANT failed to calculate it with "Merchandise Rcvd" earnings listed in wage statements and the correct value or earnings of the points and other merchandise received by PLAINTIFF and other current and former non-exempt employees, among other compensation. For fiscal month June, 2015, which was from approximately June 1, 2014 until July 5, 2014, PLAINTIFF worked overtime hours during the pay periods in that fiscal month, but on information and belief she did not receive the correct overtime premium for the bonus worked during that fiscal month because it was not calculated as a percentage of all regular and overtime earnings, including $5.87 in "Merchandise Rcvd" that is listed as "earnings" in PLAINTIFF'S wage statements. Similarly, for the fiscal month of August, 2015, which was from approximately August 3, 2014 until August 30, 2014, PLAINTIFF worked overtime hours during the pay periods in that fiscal month, but on information and belief she did not receive an overtime premium for the bonus worked during that fiscal month because it was not calculated as a percentage of all regular and overtime earnings, including $45.24 in "Points Rcvd GU" listed under "earnings" in PLAINTIFF'S wage statements. In addition, on information and belief, DEFENDANT also failed to pay all overtime on the non-discretionary bonuses or incentives paid to PLAINTIFF and other former and non-exempt current employees of

9

DEFENDANT pursuant to the good customer comments program, as they worked overtime hours in certain pay periods, yet there is no overtime listed for "Points Rcvd GU" and "Merchandise Rcvd" earnings in the many of the same pay periods. Equally important, on information and belief, DEFENDANT failed to pay to PLAINTIFF and current and former non-exempt employees of DEFENDANT the earned bonuses and other compensation during the pay periods they were earned, the subsequent pay period or as soon as practicable, in violation of Labor Code § 204 and 29 C.F.R. § 778.106. As a result, DEFENDANT failed to pay PLAINTIFF and other current and former non-exempt employees sufficient overtime wages under the Labor Code and the FLSA.

18.     On information and belief, DEFENDANT violated California Labor Code § 2802 by failing to reimburse PLAINTIFF and other current and former non-exempt employees for business related expenses including, but not limited to, internet service, cell phone plans, cell phones, PDAs and other devices, which were necessary business-related expenses.

19.     On information and belief, DEFENDANT did not provide proper wage statements to PLAINTIFF and other current and former non-exempt employees of DEFENDANT. On further information and belief, the wage statements did not list the correct gross and net wages due, the correct hourly rates of pay and the number of hours worked at those rates of pay, an identification number for the employee or last four digits of the employee's social security number, and the correct total hours worked, among other things required by Labor Code § 226. For example, on information and belief, the wage statements of PLAINTIFF and DEFENDANT'S current and former non-exempt employees do not list the total hours worked for any pay period. On further information and belief, PLAINTIFF'S and DEFENDANT'S current and former employees' wage statements do not list the correct gross and net wages earned or hourly rates due to the unpaid overtime wages mentioned earlier, nor do they list the correct hours worked or gross and net wages because DEFENDANT failed to timely pay their wages. Among other things, in many pay periods, DEFENDANT did not attribute hours worked and

related gross and net wages to PLAINTIFF and other current and former non-exempt employees, but instead untimely paid and attributed hours to them in subsequent pay periods. The inaccuracies are reflected in the wage statements of PLAINTIFF and DEFENDANT'S current and former non-exempt employees that list "Previous Period Hrs" and the previous wage statements, as determined from the timesheets, timecards, wage statements and other timekeeping records maintained by DEFENDANT. For PLAINTIFF, her wage statement for pay period February 16, 2014 until March 1, 2014 does not reflect 14.10 hours worked by PLAINTIFF and the related gross and net wages earned, but the same hours and pay are incorrectly listed as "Previous Period Hrs" in PLAINTIFF'S wage statement for pay period March 2, 2014 until March 15, 2014. Likewise, PLAINTIFF'S wage statement for pay period March 2, 2014 until March 15, 2014 does not list .17 hours worked by PLAINTIFF and related gross and net wages, but the same hours and pay are incorrectly listed as "Previous Period Hrs" in PLAINTIFF'S wage statement for pay period March 16, 2014 until March 29, 2014. PLAINTIFF'S wage statement for pay period May 25, 2014 until June 7, 2014 does not reflect 7.45 hours worked by PLAINTIFF or the related gross and net wages earned, but the same hours and pay are incorrectly listed as "Previous Period Hrs" in PLAINTIFF'S wage statement for pay period June 8, 2014 until June 21, 2014.

20.     On information and belief, when PLAINTIFF and other former non-exempt employees of DEFENDANTS were discharged or resigned, DEFENDANTS did not pay them all wages due including, but not limited to, unpaid overtime wages. For example, in addition to failing to pay all of PLAINTIFF'S wages mentioned above, which remain unpaid, DEFENDANT terminated PLAINTIFF'S employment on September 13, 2014, but did not pay her final wages until September 16, 2014.

21.     On or about November 28, 2014, PLAINTIFF by and through her counsel made a written request to obtain her personnel file, all documents signed by her relating to obtaining or holding employment and all of her wage statements pursuant to Labor Code sections 432, 226 and 1198.5. DEFENDANT failed to produce all responsive

documents or make them available to PLAINTIFF and her counsel.  For example, DEFENDANT did not produce a letter terminating PLAINTIFF'S employment effective September 13, 2014, wage statements and timesheets, among other things.

DEFENDANT did not produce the foregoing missing records until after PLAINTIFF brought this lawsuit in February, 2015 and sought the records during discovery.

## X. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (Violation of 29 U.S.C. §207 et seq.)

### (By PLAINTIFF, on behalf of herself and DEFENDANT'S current and former non-exempt employees)

22.     PLAINTIFF incorporates the foregoing paragraphs as though fully set forth herein.

23.     At all relevant times, PLAINTIFF and DEFENDANT'S current and former non-exempt employees were "employees" of DEFENDANTS under the FLSA, 29 U.S.C. § 201 et seq, and DEFENDANT was and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA.

24.     Under 29 U.S.C. § 207 et seq., PLAINTIFF and DEFENDANT'S current and former non-exempt employees were entitled to overtime wages at the rate of 1 and 1.5 times their regular rate for hours worked in excess of 40 per workweek.

25.     On information and belief, DEFENDANT operated under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay PLAINTIFF and DEFENDANT'S current and former non-exempt employees overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess of forty (40) hours per workweek to which PLAINTIFF and DEFENDANT'S current and former non-exempt employees are entitled.

26.     On information and belief, as a result of DEFENDANT'S unlawful conduct, PLAINTIFF and DEFENDANT'S current and former non-exempt employees have suffered damages in an amount not yet known, but subject to proof after discovery,

12

to the extent they have not been paid all overtime wages earned.

27.    Pursuant to 29 U.S.C. §§ 207, 216 et seq., PLAINTIFF and DEFENDANT'S current and former non-exempt employees are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees, liquidated damages, and costs of suit, which PLAINTIFF seeks on behalf of herself and DEFENDANT'S current and former non-exempt employees.  As PLAINTIFF has not received all records and information from DEFENDANT, the full amount of her unpaid overtime wages is not currently known.  PLAINTIFF reserves the right to amend the Complaint after additional discovery is conducted regarding the amount of unpaid overtime wages sought.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code §§ 204, 510 and 1198)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

28.    PLAINTIFF realleges and incorporates by the foregoing paragraphs as though fully set forth herein.

29.    PLAINTIFF and the California Class members were "non-exempt" employees of DEFENDANT who did not receive proper protections and benefits of the laws governing payment of overtime wages.

30.     During the time of PLAINTIFF'S and the California Class members' employment with DEFENDANT, they were not exempt from receiving overtime compensation and were entitled to receive overtime compensation under Labor Code §§ 204, 510, and 1198 and IWC Wage Orders for any and all work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week.

31.    On information and belief, DEFENDANT knowingly and willfully failed to pay PLAINTIFF and the California Class members all overtime compensation owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per week and during the first 8 hours worked on the seventh

13

SECOND AMENDED CLASS ACTION COMPLAINT

day of a workweek; and (b) 2 times their regular rate of pay for all hours worked in excess of 12 hours per day and for any work performed in excess of 8 hours on any seventh day of a workweek.

32.     On information and belief, as a direct result, PLAINTIFF and the California Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel DEFENDANT to fully perform its obligations under state law, all to their respective damage in amounts according to proof at trial. PLAINTIFF, on behalf of herself and the California Class members, seeks to recover in a civil action the unpaid balance of the full amount of the unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit, and other remedies provided under the Labor Code.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES WITHIN REQUIRED TIME
### (Violations of Labor Code §§ 201, 202 and 203)

### (By PLAINTIFF, on behalf of herself and the California Class)

33.     PLAINTIFF realleges and incorporates by this reference the foregoing paragraphs as though fully set forth herein.

34.     Labor Code § 201 requires DEFENDANT to immediately pay any wages, without abatement or reduction, to any employee who is discharged. Labor Code § 202 requires DEFENDANTS to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours notice of intent to quit.

35.     For a willful violation of Labor Code §§ 201 and/or 202, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

14

36.     On information and belief, DEFENDANT willfully did not provide PLAINTIFF and California Class members, after their discharge or resignation, with all wages due and owing including, but not limited to, all overtime wages by the times specified by Labor Code § 201 or 202.  Consequently, pursuant to Labor Code § 203, DEFENDANT owes PLAINTIFF and California Class members the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which PLAINTIFF seeks on behalf of themselves and the California Class.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
**(Violation of Labor Code § 226)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

37.     PLAINTIFF realleges and incorporates the foregoing paragraphs as though fully set forth herein.

38.     Labor Code § 226(a) requires that employers, including DEFENDANT, to furnish its employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things

39.     On information and belief, DEFENDANT knowingly and intentionally failed to provide PLAINTIFF and California Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide total hours worked, correct gross and net wages earned, the number of hours worked at the correct hourly rates, the correct hourly rates of pay, and the last four digits of a social security number or employee identification number, among other things.

15

SECOND AMENDED CLASS ACTION COMPLAINT

40.     On information and belief, DEFENDANT'S failure to provide a proper writing deprived PLAINTIFF and California Class members with the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by DEFENDANT.  PLAINTIFF and California Class members, therefore, had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to DEFENDANT.  DEFENDANT'S failure to provide the proper writing also required PLAINTIFF and California Class members to spend and continue to spend attorney's fees and costs to determine the wages owed to them.  As a direct result, PLAINTIFF and California Class members suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees and costs in seeking to gather information and compel DEFENDANT to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial.

41.     Labor Code § 226(e) requires DEFENDANT to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to PLAINTIFF and California Class members who were injured by DEFENDANT'S failure to comply with Labor Code § 226(a), which PLAINTIFF seeks on behalf of herself and the California Class.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

42.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

43.     Pursuant to California Labor Code Section 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the

16

employee in direct consequence of the discharge of his or her duties . . . .”

44.     On information and belief, PLAINTIFF and California class members made necessary expenditures and incurred losses as a direct consequence of the discharge of their duties and in obedience to the directions of DEFENDANT including, but not limited to, internet service, cell phone plans, cell phones, PDAs and other expenses.

45.     On information and belief, DEFENDANT was responsible for reimbursing PLAINTIFF and California class members for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so.

46.     On information and belief, as a result of DEFENDANT'S unlawful conduct, PLAINTIFF and California Class members have suffered damages in an amount within the limited jurisdiction of the Court.  PLAINTIFF and the California Class are entitled to recover the full amount of the unpaid expenditures and losses, interest thereon, reasonable attorney's fees and costs of suit.

**SIXTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Violation of Business and Professions Code § 17200)**

**(By PLAINTIFF, on behalf of herself and the California Class)**

47.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

48.     California Business & Professions Code § 17200 et seq. prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."  On information and belief, PLAINTIFF and California Class members, as herein alleged, have suffered and continue to suffer injuries in fact, due to the unlawful, fraudulent and unfair business practices of DEFENDANT.

49.     As alleged herein, on information and belief, DEFENDANT systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked, failing to provide correct wage statements according to law, and failing to reimburse employees for necessary business-related expenses all in

17

order to decrease its costs of doing business and increase its profits.

50.     On information and belief, at the time that PLAINTIFF and California Class members were hired, DEFENDANT knowingly, intentionally and illegally misrepresented to each of them conformance with the California Labor Code, FLSA, and/or IWC Wage Orders, including the payment of promised bonuses and other wages and the reimbursement of the expenses.

51.     On information and belief, from the time that PLAINTIFF and California Class members were hired, DEFENDANT failed to comply with the California Labor Code, FLSA and IWC Wage Orders through its actions as herein alleged including, but not limited to its failure to: (1) timely pay all wages due for all hours worked, including overtime wages and bonuses, (2) provide accurate itemized wage statements, (3) pay all wages due and owing within the time specified by the Labor Code and FLSA, (4) pay all accrued wages upon the termination of employment, and (5) provide reimbursement for all business related expenses.

52.     At all times relevant, on information and belief, DEFENDANT intentionally avoided paying to PLAINTIFF and California Class members wages and monies and other financial obligations attached thereto, thereby creating for DEFENDANT an artificially lower cost of doing business in order to undercut competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of PLAINTIFF and California Class members.

53.     On information and belief, at all times relevant herein PLAINTIFF and California Class members relied on and believed DEFENDANT'S representations concerning its conformance with the California and federal wage and hour laws, all to their detriment.

54.     On information and belief, as a result of DEFENDANT'S intentional, willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the Labor Code, FLSA, and IWC Wage Orders, PLAINTIFF and California Class members suffered a loss of wages and monies, all in an amount to be shown according to proof at

18

trial.  By violating the foregoing statutes and regulations as herein alleged, DEFENDANT'S acts constitute unfair, fraudulent and unlawful business practices under Business and Professions Code § 17200 et seq.

**55.** As a result of the unfair, fraudulent and unlawful business practices of DEFENDANT alleged herein, PLAINTIFF and California Class members are entitled to declaratory relief, injunctive relief, disgorgement, and restitution in an amount according to proof.  As private attorneys general under California Civil Code § 1021.5, PLAINTIFF, on behalf of herself and California Class members, seek to recover any and all attorney's fees incurred herein.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PRODUCE PERSONNEL FILE AND EMPLOYMENT RECORDS**

**(Violation of Labor Code §§ 226(b) & (c), 432 and 1198.5)**

**(By PLAINTIFF, On Behalf of Herself)**

56. PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

57. Labor Code § 432 provides "[i]f an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."  Labor Code § 226(b) provides an employer shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.  Labor Code § 226(c) provides that an employer who receives a written or oral request to inspect or copy records pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.  If an employer fails to permit a current or former employee to inspect or copy records within 21 days of the request, the current or former employee is entitled to a $750 penalty and an award of costs and reasonable attorney's fees under Labor Code § 226(f) & (g).  Labor Code § 1198.5 provides that current and former employees, through their representatives or otherwise, have the right to inspect and receive a copy of their personnel files within

19

30 calendar days of making a written request.   If an employer fails to permit the inspection of the personnel file within 30 calendar days of the request, the current or former employee may recover a penalty of $750 from the employer and his/her costs and reasonable attorney's fees under Labor Code § 1198.5(k) & (l).

58.      On or about November 28, 2014, by and through her attorney, PLAINTIFF made a written request for her personnel file, wage statements, documents signed by PLAINTIFF relating to the obtaining or holding employment, and other records relating to PLAINTIFF'S employment.  DEFENDANT failed to produce all requested documents within 30 days of the written request in violation of Labor Code §§ 226, 432 and 1198.5. In fact, DEFENDANT did not produce some of the requested documents until PLAINTIFF brought this lawsuit and requested the documents during discovery.  On information and belief, DEFENDANT has still not produced all documents requested.

59.      As a result, PLAINTIFF is entitled to and seeks $750 in penalties under both Labor Code §§ 226 and 1198.5, injunctive relief and reasonable attorney's fees and costs.

**EIGHTH CAUSE OF ACTION**

**(Violation of Private Attorney General Act (Labor Code § 2698 et seq.)**

**(By PLAINTIFF, On Behalf of All Similarly-Situated Current and Former California Employees of DEFENDANT)**

60.      PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

61.      Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former California employees pursuant to the procedures specified in Labor Code § 2699.3.

20

SECOND AMENDED CLASS ACTION COMPLAINT

62.     PLAINTIFF is an "aggrieved employee" because she was employed by the alleged violators and had the alleged violations committed against her, and therefore is properly suited to represent the interests of other current and former non-exempt California employees of DEFENDANT who had the same or similar violations committed against them.

63.     PLAINTIFF exhausted her administrative remedies and notice requirements by the filing of a letter with the LWDA on or about February 11, 2015, which set forth all of the allegations contained herein.  Further, the letter was served on DEFENDANT on the same date.  The LWDA did not respond within the 33-day statutory period for the LWDA to respond.  Thus, the LWDA did not notify PLAINTIFF and DEFENDANT that it would investigate the allegations.  Thus, PLAINTIFF has exhausted her administrative remedies and notice requirements under the Private Attorneys General Act and is authorized to pursue this representative action against DEFENDANT pursuant to Labor Code § 2699.3.

64.     On information and belief, DEFENDANT failed to maintain accurate records of hours worked for its non-exempt employees and other records including, but not limited to, all wage statements and/or other payroll records that set forth when each work period started and ended, when meal periods were taken, the correct number of hours worked and gross and net wages earned.  On further information and belief, DEFENDANT willfully failed to provide accrued wages timely during employment and also timely upon termination of employment, failed to provide wage statements that comply with Labor Code § 226 to California employees as required under the Labor Code and Wage Orders, failed to reimburse employees for business related expenses and failed to provide minimum wages, agreed upon wages and overtime pay to PLAINTIFF and other non-exempt employees who worked in California as required under the Labor Code and Wage Orders, among other things.

65.     Labor Code § 2699, *et seq.* imposes upon DEFENDANT penalties for violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 256, 510, 558, 1174,

21

1175, 1194, 1197, 1198 and 2802 among other Labor Code provisions and Wage Orders including, but not limited to, other sections alleged herein.

66.     Pursuant to Labor Code § 2699 et seq., PLAINTIFF seeks to recover civil penalties and wages on behalf of herself and other current and former employees of DEFENDANT who worked in California.  The exact amount of the applicable penalties and wages is unknown at this time, but an amount to be shown according to proof at trial.

67.     For bringing this action, PLAINTIFF is entitled to attorney's fees and costs incurred herein.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, on behalf of herself and similarly situated current and former non-exempt employees of DEFENDANT, including the California Class, pray for judgment and relief against DEFENDANT as follows:

a.     An order certifying that PLAINTIFF may pursue her FLSA claims against DEFENDANT as a collective action on behalf of other current and former non-exempt employees of DEFENDANT under 29 U.S.C. § 216(b).

b.     An order certifying that PLAINTIFF may pursue her California state law claims against DEFENDANT as a class action on behalf of the California Class, the Wage Statement Subclass, the Overtime Wage Subclass, Waiting Time Subclass, Unreimbursed Expenses Subclass and/or the UCL Subclass under Federal Rule of Civil Procedure 23;

c.     An order appointing PLAINTIFF as Class representative and appointing PLAINTIFF'S counsel as Class Counsel;

d.     For general damages and special damages including, but not limited to, unpaid wages, agreed upon wages, overtime wages, and unreimbursed expenses;

e.     For reasonable attorney fees, cost of suit, and interest to the extent permitted by law, including pursuant to Civil Code § 1021.5, the FLSA and the California Labor Code;

f.     For liquidated damages pursuant to the Labor Code and the FLSA;

22

g. Penalties under Labor Code sections 226, 203, 2699 (including PAGA penalties sought for violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 256, 510, 558, 1174, 1194, 1197, 1198 and 2802) and other applicable Labor Code provisions;

h. For restitution, injunctive relief, declaratory relief and other relief provided by Business and Professions Code § 17200 et seq., including a declaratory judgment that DEFENDANT violated Labor Code §§ 201, 202, 203, 204, 226, 226.3, 510 and other provisions of the Labor Code, the FLSA, and/or Orders of the Industrial Welfare Commission, and a permanent injunction prohibiting DEFENDANT from future violations of the same laws;

i. For an order requiring DEFENDANT to restore and disgorge all funds to PLAINTIFF and California Class members acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200 et seq.;

j. For an award of damages in the amount of unpaid compensation including, but not limited to unpaid wages, benefits and penalties according to proof, including interest thereon;

k. Penalties under Labor Code §§ 226(f)&(g) and 1198.5(k);

l. For an accounting to determine all money wrongfully obtained and held by DEFENDANT;

m. For pre- and post-judgment interest, and

SECOND AMENDED CLASS ACTION COMPLAINT

n.  For such other relief as the Court deems just and proper.

WOODALL LAW OFFICES

DATE:   OCTOBER 26, 2015

BY:   /S/KEVIN F. WOODALL
KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFF, STARVONA
HARRIS AND SIMILARLY SITUATED
FORMER AND CURRENT EMPLOYEES OF
DEFENDANT

## JURY TRIAL DEMANDED

A jury trial is hereby demanded by Plaintiff.

WOODALL LAW OFFICES

DATE:   OCTOBER 26, 2015

BY:   /S/ KEVIN F. WOODALL
KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFF, STARVONA
HARRIS AND ALL SIMILARLY SITUATED
FORMER AND CURRENT EMPLOYEES OF
DEFENDANT

SECOND AMENDED CLASS ACTION COMPLAINT

## CONSENT TO JOIN

I was employed by Best Buy Stores, L.P. ("Best Buy") from in or about October, 2013 until in or about September, 2014 as a non-exempt employee in the Appliance Department.

I choose to participate in the proposed Fair Labor Standards Act ("FLSA") collective action titled *Starvona Harris  et al. v.Best Buy Stores, L.P.*  I understand that this lawsuit seeks unpaid overtime and other remedies may be owed to me, and that by joining the lawsuit I will become a representative plaintiff.  I choose to be represented as a collective action member in this matter by Woodall Law Offices and other attorneys with whom they may associate.  I understand that the attorneys will act in the best interests of the collective action members as a whole and hereby waive any conflict that may arise from the attorneys' representation of multiple collective action members.

Printed Full Legal Name:  Starvona Harris

Signature:  _Harris Harris_

Date signed:  2/10/2015