MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER (SBN 167223)
barbara.miller@morganlewis.com
BRYAN L. JARRETT (SBN 278176)
bryan.jarrett@morganlewis.com
SARAH J. ALLEN (SBN 306286)
sarah.allen@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel:    949.399.7000
Fax:   949.399.7001

Attorneys for Defendant
BEST BUY STORES, L.P.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS and JONATHAN STRICKLAND, individually and on behalf of those similarly situated, | Case No. 4:17-cv-00446-HSG |
| Plaintiffs, | **DEFENDANT BEST BUY STORES, L.P.'S MOTION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| vs. | Date:        September 7, 2017 |
| BEST BUY STORES, L.P., a limited partnership, | Time:        2:00 p.m. |
| Defendant. | Dept.:        Courtroom 2 |
| | Judge:        Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

## NOTICE OF MOTION AND MOTION

### TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 7, 2017 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Haywood S. Gilliam, Jr., United Stated District Court Judge, in Courtroom 2 of the above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Best Buy Stores, L.P. will and hereby does move this Court for an order striking or dismissing the entire Seventh Cause of Action in Plaintiffs' Second Amended Complaint ("SAC") as insufficiently pleaded.  In the alternative, Best Buy moves this Court for an order striking or dismissing the Seventh Cause of Action with prejudice to the extent it is based on (1) any claims for unpaid overtime, (2) any claims for inaccurate wage statements, (3) any claims for inaccurate wage statements based on allegations of unpaid overtime, (4) any claims for inaccurate wage statements based on allegations of payments for prior work periods, and/or (5) any claims for untimely payment of wages.

Best Buy brings this motion Federal Rules of Civil Procedure 12(b)(6) and 12(f) because: (1) res judicata bars re-litigation of claims that have already been adjudicated; (2) collateral estoppel bars Plaintiff Starvona Harris from asserting any claim for unpaid overtime; (3) she has no standing to assert claims for harms she never experienced; (4) she failed to exhaust her mandatory administrative remedies; and (5) the Seventh Cause of Action is insufficiently pleaded.

This motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the corresponding Request for Judicial Notice and Exhibits thereto, the pleadings and records on file herein, and on such other and further argument and evidence as may be presented at the time of the hearing.

Dated:  July 27, 2017

MORGAN, LEWIS & BOCKIUS LLP

By      s/ Barbara J. Miller
_____
Barbara J. Miller
Bryan L. Jarrett
Sarah J. Allen
Attorneys for Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1

## TABLE OF CONTENTS

2

Page

3     I.      INTRODUCTION ............................................................................................. 1

4     II.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND ........ 2

           A.    Strickland's Prior Lawsuit on Behalf of the State of California ........................... 2

5           B.    Harris's Prior Lawsuits ....................................................................................... 3

6                 1.     Harris's Deficient PAGA Letter ............................................................. 3

7                 2.     Harris Filed Suit in this Court with the Same Allegations as her PAGA Letter, and this Court Held that Harris Had Failed to Place

8                        "Points" and Other Compensation at Issue. ............................................. 5

9                 3.     This Court Adjudicated Harris's Overtime Claim in Best Buy's Favor, and Allowed Wage Statement Claims to Survive Only on the

10                       "Previous Period Hrs" Theory. ................................................................ 5

11                4.     Harris Then Filed two New Suits Challenging the Same Alleged Labor Code Violations—This Suit and Another Suit Pending in State Court.................................................................................................. 6

12    III.   ARGUMENT ................................................................................................... 7

13          A.    Applicable Legal Standards ................................................................................. 8

           B.    Res Judicata Bars the Re-Litigation of the Same Primary Rights on Behalf

14                  of the State......................................................................................................... 9

15                1.     The Decision in the Prior Lawsuit Was Final and on the Merits. ............. 10

16                2.     This Litigation Involves the Same Primary Rights, or "Cause of Action," for Purposes of Res Judicata .................................................... 10

17                3.     Privity Exists Because Both Lawsuits Involved PAGA Claims Asserted on Behalf of Both the State and Plaintiffs................................. 12

18          C.    Collateral Estoppel Bars Harris from Asserting an Overtime Claim.................... 14

19          D.    Harris Cannot Pursue PAGA Claims on Behalf of Others for An Alleged

20                  Overtime Violation She Never Experienced........................................................ 15

               1.     PAGA's Text and Legislative History Confirm that Plaintiffs Must

21                       Suffer the Harms they Seek to Litigate. .................................................. 15

22                2.     This Court, and Other Courts, Have Held that Plaintiffs Must Experience Each Harm they Allege under PAGA. ................................... 17

23                3.     Adopting Harris's Interpretation of PAGA's Standing Requirement Would Have A Profoundly Adverse Impact On Absent Individual's Rights And Would Lead to Absurd Results............................................ 18

24          E.    Harris's PAGA Claim Should Be Limited to Only Those "Facts and Theories" that She Administratively Exhausted—which Excludes, For

25                  Instance, Claims Concerning "Points" or "Previous Period Hrs".................... 20

26          F.     Harris Fails to Adequately Plead Her PAGA Claim........................................... 22

27    IV.   CONCLUSION ................................................................................................. 23

28

1

2

## **TABLE OF AUTHORITIES**

**Page(s)**

3

4

CASES

*Adam Bros. Farming v. Cty. of Santa Barbara*,
   604 F.3d 1142 (9th Cir. 2010)..................................................................................9

*Aguirre v. Genesis Logistics*,
   2015 WL 3755239 (C.D. Cal. June 16, 2015) ........................................................11

*Alcantar v. Hobart Serv.*,
   800 F.3d 1047 (9th Cir. 2015)................................................................................21

*Alvarez v. Autozone, Inc.*,
   No. 14-cv-02471 (C.D. Cal. Jul. 8, 2015) ..............................................................17

*Alvarez v. May Dep't Stores*,
   143 Cal. App. 4th 1223 (2006)...............................................................................14

*Amey v. Cinemark USA Inc*,
   No. 13-CV-05669-WHO, 2015 WL 2251504 (N.D. Cal. May 13, 2015) ...............22

*Arias v. Superior Court of San Joaquin County*,
   46 Cal.4th 969 (2009) .............................................................................12, 13, 14, 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................8, 22

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................8, 22

*Boeken v. Philip Morris USA, Inc.*,
   48 Cal.4th 788 (2010) ............................................................................................10

*Bookout v. MUFG Union Bank*,
   2016 WL 5404387 (Cal. Ct. App. Sept. 28, 2016) .................................................11

*Boorstein v. CBS Interactive, Inc.*
   222 Cal. App. 4th 456 (2013)..................................................................................19

*Bradescu v. Hillstone Rest. Grp., Inc.*,
   2014 WL 5312546 (C.D. Cal. Sept. 18, 2014).........................................................21

*Bufil v. Dollar Financial Group, Inc.*,
   162 Cal. App. 4th 1193 (2008)................................................................................14

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*Caliber Bodyworks, Inc. v. Superior Court*
  134 Cal. App. 4th 365 (2005)..................................................................................20

5

*Cancilla v. Ecolab Inc.*,
  2014 WL 2943237 (N.D. Cal. June 30, 2014) ...........................................................9

6

7

*Coachella Valley County Water District v. Stevens*,
  206 Cal. 400, 274 P. 538 (1929) ..............................................................................13

8

9

*Crowley v. Katleman*,
  8 Cal. 4th 666 (1994) ................................................................................................9

10

*Dyer v. United States*,
  832 F.2d 1062 (9th Cir. 1987)..................................................................................19

11

12

*Eichman v. Fotomat Corp.*,
  147 Cal. App. 3d 1170 (Ct. App. 1983) ...............................................................9, 12

13

14

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993).....................................................................................8

15

*Federated Dep't Stores, Inc v. Moitie*,
  452 U.S. 394 (1981) ....................................................................................................9

16

17

*Fireside Bank v. Sup. Ct .*
  40 Cal.4th 1069 ........................................................................................................13

18

19

*Fobroy v. Video Only, Inc.*,
  2014 WL 6306708 (N.D. Cal. Nov. 14, 2014).....................................................16, 17

20

*Franceschi v. Franchise Tax Bd.*,
  1 Cal. App. 5th 247, 257 (App. 2d Dist. 2016) .............................................9, 10, 11

21

22

*Gustafson v. U.S. Bank N.A.*,
  618 F. App'x 921 (9th Cir. 2015) ............................................................................14

23

24

*Harris v. Best Buy Stores, L.P.*,
  2015 WL 6003203 (N.D. Cal. Oct. 15, 2015)...........................................................5

25

*Harris v. Best Buy Stores, L.P.*,
  2016 WL 4073327 (N.D. Cal. Aug. 1, 2016)............................................................6

26

27

*Harris v. Best Buy Stores, L.P.*,
  2016 WL 6248893 (N.D. Cal. Oct. 26, 2016)..................................................5, 6, 14

28

iii

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Hill v. Opus Corp.*,
   841 F. Supp. 2d 1070 (C.D. Cal. 2011)......................................................................8

*Holak v. K Mart Corp.*,
   2015 WL 4756000 (E.D. Cal. Aug. 11, 2015) ...........................................................21

*Holak v. Kmart Corp.*,
   2015 WL 2384895 (E.D. Cal. May 19, 2015) ............................................................18

*Jeske v. Maxim Healthcare Services, Inc.*,
   2012 WL 78242 (E.D. Cal. Jan. 10, 2012)..................................................................18

*Jones v. San Diego Metro. Transit Sys.*,
   2016 WL 3952154 (S.D. Cal. July 22, 2016) .............................................................11

*Kairy v. SuperShuttle Int'l*,
   660 F.3d 1146 (9th Cir. 2011).............................................................................16, 19

*Kay v. City of Rancho Palos Verdes*,
   504 F.3d 803 (9th Cir. 2007).......................................................................................9

*Kaye v. Bd. of Trustees of San Diego Cty. Law Library*,
   2010 WL 2978082 (Cal. Ct. App. July 30, 2010) ........................................................9

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005).....................................................................................8

*McDonald v. Heard*,
   37 Cal. App. 2d 521 (Dist. App. 4th Dist. 1940) ......................................................10

*McQuillion v. Schwarzenegger*,
   369 F.3d 1091 (9th Cir. 2004)...................................................................................14

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986).......................................................................................8

*Molina v. Dollar Tree Stores, Inc.*,
   2013 BL 386549 (C.D. Cal. Aug. 09, 2013) ..............................................................18

*N. Star Int'l v. Ariz. Corp. Comm'n*,
   720 F.2d 578 (9th Cir. 1983).......................................................................................8

*Panos v. Great Western Packing Co.*,
   21 Cal.2d 636 (1943) ...........................................................................................10, 12

**TABLE OF AUTHORITIES**
(continued)

Page

*People v. Pacific Land Research Co.*
  20 Cal.3d 10 (1977) ...............................................................................................13

*Plaisted v. Dress Barn, Inc.*,
  2013 WL 300913 (C.D. Cal. Jan. 25, 2013) .........................................................22

*Premier Elec. Constr. Co. v. N.E.C.A., Inc.*
  814 F.2d 358 (7th Cir. 1987)..................................................................................13

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*,
  2015 WL 5680310 (C.D. Cal. Sept. 25, 2015).......................................................22

*Ready Transp. Inc. v. AAR Mfg., Inc.*,
  627 F.3d 402 (9th Cir. 2010)....................................................................................8

*Rope v. Auto-Chlor System of Washington, Inc.*,
  220 Cal. App. 4th 635 (2013).................................................................................18

*Ruskell v. North Cnty. Fire Protection District of Monterey Cnty*,
  2016 WL 1365949 (N.D. Cal. Apr. 6, 2016) ...........................................................8

*Rynsburger v. Dairymen's Fertilizer Cooperative, Inc.*,
  266 Cal. App. 2d 269 (1968)..................................................................................13

*Schulken v. Washington Mut. Bank, Henderson, NV*,
  2010 WL 3987680 (N.D. Cal. Oct. 12, 2010)...........................................................8

*SEC v. Sands*,
  902 F. Supp. 1149 (C.D. Cal. 1995) .........................................................................8

*Setzler v. City & Cty. of San Francisco*,
  2008 WL 2264481 (N.D. Cal. June 2, 2008) ............................................................8

*Sidney-Vinson v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1993).....................................................................................8

*Soto v. Castlerock Farming & Transp. Inc.*,
  2012 WL 1292519 (E.D. Cal. Apr. 16, 2012)........................................................22

*St. Martin Evangelical Lutheran Church v. South Dakota*,
  451 U.S. 772 (1981)................................................................................................19

*Stafford v. Dollar Tree Stores, Inc.*,
  2014 WL 6633396 (E.D. Cal. Nov. 21, 2014) .......................................................18

**TABLE OF AUTHORITIES**
(continued)

Page

*Stoddart v. Express Services, Inc.*,
   2015 WL 5522142 (E.D. Cal. Sept. 16, 2015)..........................................................................21

*Studley v. All. Healthcare Servs., Inc.*,
   2012 WL 12286522 (C.D. Cal. July 26, 2012) ........................................................................22

*Susan B. Anthony List v. Driehaus*,
   134 S. Ct. 2334 (2014) .............................................................................................................19

*Sutphin v. Speik*,
   15 Cal.2d 195 (1940) ...............................................................................................................10

*Trujillo v. Cnty. of Santa Clara*,
   775 F.2d 1359 (9th Cir. 1985)..................................................................................................13

*Vecchioli v. Borel Private Bank & Trust Co.*,
   2005 WL 3021945 (N.D. Cal. Nov. 10, 2005)............................................................................9

*Villacres v. ABM Industries Inc.*,
   189 Cal. App. 4th 562 (App. 2d Dist. 2010) .........................................................9, 10, 11, 12

*Walter v. Hughes Comm's, Inc.*,
   682 F. Supp. 2d 1031 (N.D. Cal. 2010) .....................................................................................8

*Warga v. Cooper*,
   44 Cal. App. 4th 371 (1996).....................................................................................................11

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003)....................................................................................................8

*Wassink v. Affiliated Computers Services, Inc.*,
   2011 WL 13077358 (C.D. Cal. Dec. 21, 2011) ........................................................................17

*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*,
   814 F. Supp. 2d 1033 (S.D. Cal. 2011) ......................................................................................8

*Zevnik v. Superior Court*,
   59 Cal. App. 4th 76 (2008)...............................................................................................10, 11

**STATUTES**

Cal. Code Civ. P. § 1049..................................................................................................................10

Cal. Lab. Code § 226.................................................................................................................. passim

Cal. Lab. Code § 2699................................................................................................................. passim

vi

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

Cal. R. Ct. 8.104(a)(1)(C) ................................................................................................3, 10

4

Cal. R. Ct. 12(b)(6) ...................................................................................................................8

5

Fed. R. Civ. P. 12(f) .................................................................................................................8

6

**OTHER AUTHORITIES**

7

7 Witkin, Cal. Procedure (5th ed. 2008) .................................................................................9

8

Rest.2d Judgments, § 41, subd. (1)(d) ...................................................................................13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 4:17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3        This is Plaintiffs' fourth attempt to pursue wage-and-hour claims against Best Buy on

4   behalf of the State of California under the Private Attorneys General Act of 2004, California

5   Labor Code § 2699, *et seq*. ("PAGA").  As insufficiently pleaded, Plaintiff Starvona Harris's

6   PAGA claim[1] primarily asserts five separate alleged "wrongs:" (1) failure to pay overtime based

7   on how Best Buy calculated overtime in weeks where employees received Path to Excellence

8   points, worked overtime, and eventually earned a short term incentive bonus (the "PAGA

9   Overtime Claim"); (2) inaccurate wage statements based on alleged inaccurate calculation of

10   overtime (the "Wage Statement Overtime Claim"); (3) inaccurate wage statements based on

11   "Previous Period Hours" entries on wage statements (the "Previous Period Hours" claim); (4)

12   untimely payment of wages, and (5) failure to reimburse all expenses.  *See* SAC, ¶ 59.

13        As a threshold matter, the Los Angeles County Superior Court recently entered judgment

14   concerning the same primary rights at issue in the currently pleaded PAGA claim, and that

15   judgment must be respected.  There, as in this case, Plaintiff Jonathan Strickland sued Best Buy

16   for alleged failures to properly pay overtime, failures to issue proper itemized wage statements,

17   failures to timely pay employees, and so forth.  *See* Dkt 24-1, Ex. 1 (Complaint from *Strickland v.*

18   *Best Buy Stores, L.P.*, Case No. 579742).  Critically, Strickland asserted this claim on behalf of

19   the State of California under PAGA.  *Id*.  After more than a year of litigation, the State Court

20   granted summary judgment for Best Buy (and against Strickland and the State of California) as to

21   all of the claims asserted.  That judgment became final on or about April 3, 2017.  Dkt. 24-1, Ex.

22   2.  Per the doctrine of res judicata, those same primary rights may not be re-litigated here.

23        Separately from the res judicata impact of Strickland's previous litigation, Harris cannot

24   assert the PAGA Overtime Claim or the derivative Wage Statement Overtime Claim for any one

25   of the following independent reasons:  *First*, Harris already litigated and lost her overtime claim,

26   and the doctrine of collateral estoppel bars re-litigation of the same claim in the guise of a PAGA

27   claim.  *Second*, this Court has already found that Harris is not an aggrieved employee with respect

28

---

[1] Plaintiff Harris is the only Plaintiff who asserts the PAGA claim at issue here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

to an overtime claim, and she therefore has no standing to bring this claim on behalf of anyone else, including the State.  The legislative history of PAGA confirms the unremarkable conclusion that PAGA does not give plaintiffs license to drag employers through extremely costly and duplicative litigation for alleged violations that the plaintiffs themselves never experienced. And *third*, PAGA bars plaintiffs from asserting any claims that were not administratively exhausted prior to filing suit; thus, Harris cannot assert a PAGA claim for improper payments resulting from "points" compensation or "Previous Period Hrs" payments.

Given the above, the Court should dismiss or strike all PAGA allegations relating to inaccurate wage statements, the PAGA Overtime Claim, the Wage Statement Overtime Claim, the Previous Period Hours claim, and untimely payment of wages.   Furthermore, the Court should dismiss the PAGA claim in its entirety as insufficiently pleaded in any event.  Dismissing or striking these improperly asserted claims would significantly simplify and limit the scope of this litigation (especially when considered in conjunction with Best Buy's pending motion to dismiss Strickland's claims, which would comprehensively eliminate all overtime claims).[2]

## II.  STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND

This case has a complicated procedural history given that Plaintiffs have filed numerous suits against Best Buy in several different courts.

### A.  Strickland's Prior Lawsuit on Behalf of the State of California

Strickland filed his first lawsuit in State Court in April 2015 ***on behalf of the State of California under PAGA.***  Dkt. 24-1, Ex. 1.  As he acknowledged, the State allowed him to litigate these claims on its behalf because it "chose[] not to investigate" or file its own suit after receiving his mandatory pre-lawsuit letter. *See id.* at ¶ 29.  On behalf of the State, he broadly alleged (among other things) that Best Buy failed to properly pay overtime, failed to provide accurate wage statements, and failed to timely pay wages.  As to unpaid overtime claim, for instance, the complaint broadly alleged that:

---

[2] Best Buy filed its Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings as to Strickland's Claims on April 13, 2017.  Dkt. 24.  The Court has not ruled on it.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

> 23.    Defendant has had a consistent policy of failing to pay wages and/or overtime to Plaintiff and all aggrieved employees. These employees were not paid at the proper overtime rate when they were working more than eight (8) hours in one day or forty (40) hours in one week, because Defendant failed to include all compensation earned during a pay period when calculating the regular rate of pay for overtime purposes.

*Id.* at ¶¶ 5, 23. The complaint similarly alleged a wide variety of violations for wage statements:

> 24.    Defendant has failed to provide accurate itemized wage statements in compliance with Labor Code § 226(a) that properly state accurate gross wages earned and net wages earned, in violation of Labor Code §§ 226(a)(1) and 226(a)(5). In addition, Defendant violates Labor Code § 226(a)(9) by failing to accurately set forth on employees' wage statements all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, as a result of failing to pay its employees the correct rates.

*Id.* at ¶ 24. The complaint additionally alleged that Best Buy failed to timely pay its employees' wages both during and after their employment. It alleged, for instance:

> 25.    Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and all aggrieved employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due. Defendant has failed to pay Plaintiff and others aggrieved employees a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.

*Id.* at ¶ 25; *see also id.* at ¶¶ 4, 7-8.

The State Court granted summary judgment for Best Buy, dismissing Strickland's and the State's claims with prejudice on October 5, 2016. Dkt. 24-1, Ex. 2. No appeal was filed, the deadline for which has now passed. *See* Cal. R. Ct. 8.104(a)(1)(C).

### B.    Harris's Prior Lawsuits

#### 1.    Harris's Deficient PAGA Letter

On February 11, 2015, Harris mailed to the California Labor Workforce Development

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

Agency ("LWDA") her mandatory pre-lawsuit letter concerning her claims against Best Buy. *See* Request for Judicial Notice ("RJN"), Ex. A. PAGA expressly requires that such letters specify "*the facts and theories*" supporting alleged Labor Code violations before the employee files a civil action under PAGA. Lab. Code § 2699.3(a)(1) (emphasis added). Although Harris's letter generically asserts claims for inaccurate wage statements and unpaid overtime, the letter says nothing about, for instance, any wage statement violations relating to "Previous Period Hrs" entries on wage statements. *See* RJN, Ex. A. It likewise says nothing about alleged unpaid overtime due to failures to include "points" in overtime calculations, which later evolved to become the basis Harris's overtime claim. *Id.*[3]

As to the wage statements, Harris's letter largely parroted the wage statement requirements under Labor Code § 226(a) and baldly concluded that Best Buy somehow violated them; the letter does not suggest that pay statements showing "Previous Period Hrs" are wrong:

> Equally important, the wage statements of Ms. Harris and other current and former non-exempt California employees were incorrect because they did not include their partial social security numbers or employee identification numbers, the total hours worked, the correct gross and net wages earned due to the non-payment of bonuses and overtime pay set forth above and other things, the correct hourly rates of pay due to the improper calculation of the regular rate of pay/overtime pay and other things, and the corresponding hours worked at each rate of pay, among other things.

RJN, Ex. A at 2. As to overtime, the letter's only actual factual allegation is that Best Buy failed to pay overtime because it did not "include bonuses in the calculation of the regular rate":

> Pursuant to Labor Code § 510, non-exempt employees are entitled to 1.5 times their regular pay rate for any work performed in excess of 8 hours in a day, any work performed in excess of 40 hours per week and for the first 8 eights on the seventh workday. Further, they are entitled to twice their regular pay rate for any work performed past 12 hours in one day or past 8 hours on the seventh day. Although Ms. Harris and other former and current non-exempt California employees worked such overtime hours, on information and belief Best Buy failed to pay them the foregoing overtime wages, which it owes to them. As noted above, Best Buy did not pay correct overtime wages because it failed to include bonuses in the calculation of the regular rate for purposes of overtime compensation, among other instances.

---

[3] In the Second Amended Complaint, Strickland alleges that Best Buy incorrectly calculated overtime because it did not include one bonus (the "Monthly STI bonus") in its calculation of the Path to Excellence bonuses. SAC, ¶ 17.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1   *Id.* at 3.  The letter says nothing about failure to include "points," "Path to Excellence payments,"

2   or any other form of compensation in STI bonus calculations themselves (which is the overtime

3   claim here).  The letter does not even reference "points" or the "Path to Excellence Program."  *Id.*

4          **2.     Harris Filed Suit in this Court with the Same Allegations as her PAGA**
               **Letter, and this Court Held that Harris Had Failed to Place "Points"**
5              **and Other Compensation at Issue.**

6          Harris then filed her first suit in this Court.  Her complaint's allegations mirrored those in

7   the above PAGA letter.  *See* RJN, Ex. B.  That is, Harris alleged that Best Buy paid Harris a

8   nondiscretionary bonus and should have, but did not, take "the bonus . . . into account when

9   determining the regular rate of pay for overtime purposes."  *Id.* at ¶ 17.  Her complaint

10  referenced only monthly incentive bonuses and alleged that overtime was not paid on the bonuses

11  received:  "although [Harris] earned a bonus for fiscal month June 2015 . . . and worked overtime

12  hours during the pay periods in that fiscal month, on information and belief she did not receive an

13  overtime premium for the bonus."  *Id.*

14         Later, however (after apparently discovering that Best Buy *does* pay overtime on

15  bonuses), Harris's overtime theory evolved to assert that Best Buy failed to properly calculate

16  overtime by not including in its monthly ***bonus calculations "a percentage of . . . [Path to***

17  ***Excellence] points . . . ."***  *See, e.g., Harris v. Best Buy Stores, L.P.*, 2016 WL 6248893, at \*2

18  (N.D. Cal. Oct. 26, 2016) (emphasis added).  Harris first moved to compel discovery concerning

19  points, ***but this Court barred the discovery as "not relevant" given that Harris had not yet***

20  ***pleaded anything related to points (just as in her PAGA letter).***  *See Harris v. Best Buy Stores,*

21  *L.P.*, 2015 WL 6003203, at \*2 (N.D. Cal. Oct. 15, 2015).  In other words, this Court specifically

22  held the overtime allegations in her Complaint (and, by extension, her PAGA letter) wholly failed

23  to place the "points" or other alleged compensation at issue.  *See id.*

24         **3.     This Court Adjudicated Harris's Overtime Claim in Best Buy's Favor,**
               **and Allowed Wage Statement Claims to Survive Only on the "Previous**
25             **Period Hrs" Theory.**

26         After losing her motions to compel, Harris further amended her complaint to add her new

27  overtime claims concerning the inclusion of points in STI bonus calculations, along with wage

28  statement claims relating to "Previous Period Hrs" entries on her wage statements.  *See* Exhibit A

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1    to SAC at ¶ 17, 19.  Harris did not, however, file a new letter with the LWDA addressing either

2    theory or the factual basis for either theory.

3        This Court ultimately dismissed Harris's overtime claim with prejudice.  *See Harris v.*

4    *Best Buy Stores, L.P.*, 2016 WL 6248893 (N.D. Cal. Oct. 26, 2016).  In its original decision, this

5    Court denied summary judgment on the overtime claim, stating that, although a "close call," the

6    simultaneous method of computing overtime requires an employer to apply a fixed percentage to

7    total earnings.  Best Buy additionally argued that under either method of computing overtime,

8    Harris was fully paid as a mathematical fact, but this Court did not ultimately resolve the issue.

9    *Harris v. Best Buy Stores, L.P.*, 2016 WL 4073327 (N.D. Cal. Aug. 1, 2016) at *5 .  Best Buy

10   then moved to certify the decision for interlocutory appeal, and also moved for reconsideration

11   based on the fact that Harris was not underpaid because she never received points, worked

12   overtime, and earned an STI bonus in the same workweek—meaning she could not possibly have

13   been underpaid overtime.  RJN, Ex. C.  This Court then granted Best Buy's motion for

14   reconsideration—agreeing that Harris *could not pursue any overtime claim*.  2016 WL 6248893,

15   at *2 ("[T]here is no way that [Harris] could have lost overtime wages through Defendant's

16   failure to calculate the STI bonus as a percentage of PTE points.").  This Court then dismissed

17   Harris's overtime claim with prejudice, without needing to address Best Buy's other arguments

18   (including Best Buy's mathematical arguments showing Harris fully received all overtime owed

19   to her regardless of calculation methodology).[4]

20            **4.    Harris Then Filed Two New Suits Challenging the Same Alleged**
             **Labor Code Violations—This Suit and Another Suit Pending in State**
21           **Court.**

22       After this Court dismissed Harris's overtime claims with prejudice, she refused this

23   Court's offer to assert CAFA jurisdiction and chose to file a lawsuit in State Court instead.  Dkt.

24   1.  Best Buy removed this action to this Court in January 2017.  *Id.*  Harris served Best Buy with

25   her third lawsuit, asserting only an alleged PAGA representative action, in February 2017.  RJN,

26   Ex. D.  Best Buy has moved to dismiss or stay that action pending the resolution of her claims in

27

28   _____
[4] This Court then denied interlocutory appeal "[b]ecause the Court has granted Defendant's
motion for summary judgment on Plaintiff's overtime claims."  2016 WL 6248893, at *3.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

this Court; before the State court could address the motions, however, Harris amended the complaint to assert the PAGA claim in this lawsuit as well.  *See* Dkt. No. 55.

In this lawsuit—like in Strickland's previous PAGA lawsuit on behalf of the State—the complaint alleges a PAGA claim for alleged unpaid overtime, failure to timely pay wages, and inaccurate wage statements.  Notably, the allegations are remarkably similar to the above-quoted allegations from the previous lawsuit.  *See, e.g.*, SAC, ¶ 19 (alleging that Best Buy violated Labor Code § 226 by failing to include the correct hours worked, correct gross and net wages due, the correct hourly rates of pay "and the correct number of hours worked at those rates of pay and the correct hours worked"); *id*. at ¶ 17 ("Although bonuses and incentives should have been taken into account when determining the regular rate of pay for overtime purposes, on information and belief DEFENDANT failed to do so.  This resulted in Strickland and other current and former non-exempt employees of DEFENDANT not receiving all overtime compensation due them."); *id*. at ¶ 20 ("[W]hen PLAINTIFFS and other former non-exempt California employees of DEFENDANT were discharged or resigned, DEFENDANT did not pay them all wages due including, but not limited to, regular and/or unpaid overtime wages.").  The vague and conclusory allegations in the PAGA claim itself likewise resemble the same allegations.  *See, e.g.*, SAC, ¶ 59 (alleging, among other things, failures to provide "overtime pay" and failures to provide wage statements that "set forth the correct number of hours worked, the correct hourly rates of pay and gross and net wages earned, among other things").

## III.   **ARGUMENT**

There are multiple, independent reasons that Harris's PAGA claims fail here.  First, res judicata bars re-litigation of the same primary rights at issue in Strickland's prior PAGA lawsuit. Second, collateral estoppel bars Harris from asserting underpaid overtime claims.  Third, and relatedly, Harris has no standing to sue for unpaid overtime.  Fourth, Harris failed to administratively exhaust any overtime theory relating to payments for previous payments worked and Best Buy's "points" and "Path to Excellence Programs" before filing suit.  And Fifth, Harris fails to sufficiently plead her PAGA claim in its entirety.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

7

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1

### A.     Applicable Legal Standards

2
"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

3
accepted as true, 'to state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

4
678 (2009) (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).

5
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

6
draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

7
*Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported

8
by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  And the court need not

9
accept as true "legal conclusions merely because they are cast in the form of factual allegations."

10
*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citation omitted).

11
On a motion to dismiss, courts generally consider the face of the complaint and matters

12
judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (noting

13
that "[o]n a motion to dismiss, we may take judicial notice of matters of public record outside the

14
pleadings," and accordingly considering documents filed in another lawsuit); *N. Star Int'l v. Ariz.*

15
*Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Courts also may consider documents

16
referenced in the complaint that are accepted as authentic.  *Knievel v. ESPN*, 393 F.3d 1068, 1076

17
(9th Cir. 2005).[5]

18
This Court may also strike improper claims and allegations.  Fed. R. Civ. P. 12(f); *Ready*

19
*Transp. Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Setzler v. City & Cty. of San*

20
*Francisco*, 2008 WL 2264481, at *8 (N.D. Cal. June 2, 2008) (confirming that courts may strike

21
matters on grounds of res judicata (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th

22
Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 521 (1994)).  "[T]he function of a Rule 12(f)

23
motion to strike is to avoid the expenditure of time and money that must arise from litigating

24
spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinson v. A.H. Robins*

25

---

26
[5] Courts regularly grant motions to dismiss parts of claims.  *See, e.g.*, *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1082 (C.D. Cal. 2011) (Rule 12(b)(6) motion granted as to part of single claim);

27
*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, 814 F. Supp. 2d 1033, 1042 (S.D. Cal. 2011) (same); *Ruskell v. North Cnty. Fire Protection District of Monterey Cnty*, 2016 WL 1365949, at *5 (N.D. Cal. Apr. 6, 2016) (same); *Schulken v. Washington Mut. Bank, Henderson, NV*, 2010 WL 3987680, at *5 (N.D. Cal. Oct. 12, 2010) (same); *Walter v. Hughes*

28
*Comm's, Inc.*, 682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010) (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

8

1    *Co.*, 697 F.2d 880, 885 (9th Cir. 1993).  In deciding such a motion, the court may consider both

2    the complaint and matters judicially noticeable.  *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D.

3    Cal. 1995) (citation omitted).

4    **B.    Res Judicata Bars the Re-Litigation of the Same Primary Rights on Behalf of the State.**

5    To determine the preclusive effect of a California state court decision, a federal court

6    applies California law.  *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007).

7    "California's res judicata standard is based on a primary rights theory."  *Vecchioli v. Borel*

8    *Private Bank & Trust Co*., 2005 WL 3021945, at *5 (N.D. Cal. Nov. 10, 2005).  A "primary right

9    is simply the plaintiff's right to be free from the particular injury suffered."  *Villacres v. ABM*

10   *Industries Inc*., 189 Cal. App. 4th 562, 577 (App. 2d Dist. 2010) (quotations omitted)).  Both the

11   California Supreme Court and Ninth Circuit have noted that California's primary rights theory:

12   > provides that a 'cause of action' is comprised of a 'primary right' of the plaintiff,
   > a corresponding "primary duty" of the defendant, and a wrongful act by the
   > defendant constituting a breach of that duty.  The most salient characteristic of a
13   > primary right is that it is indivisible: the violation of a single primary right gives
   > rise to but a single cause of action.  A pleading that states the violation of one
14   > primary right in two causes of action contravenes the rule against 'splitting' a
   > cause of action.
15

16   *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) (citations omitted); *Adam Bros. Farming v. Cty.*

17   *of Santa Barbara*, 604 F.3d 1142, 1148–49 (9th Cir. 2010).  As explained further below, res

18   judicata bars a plaintiff from re-litigating primary rights that have already been adjudicated—

19   even if the plaintiff presents new legal or factual theories in the subsequent lawsuit.  *See, e.g*.,

20   *Eichman v. Fotomat Corp*., 147 Cal. App. 3d 1170, 1174 (Ct. App. 1983) (confirming that

21   pleading "different theories of recovery" or pleading "new facts supporting recovery" do not

22   allow a party to re-litigate the same primary right).

23   Res judicata "seeks to curtail multiple litigation causing vexation and expense to the

24   parties and wasted effort and expense in judicial administration."  *Kaye v. Bd. of Trustees of San*

25   *Diego Cty. Law Library*, 2010 WL 2978082, at *5 (Cal. Ct. App. July 30, 2010) (quoting 7

26   Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 334, p. 938)); *Cancilla v. Ecolab Inc*., 2014

27   WL 2943237, at *3 (N.D. Cal. June 30, 2014) ("[T]he doctrine of res judicata serves the 'vital

28   public interest' of having an end to litigation, especially in 'view of today's crowded dockets.'"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

9

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

(quoting *Federated Dep't Stores, Inc v. Moitie*, 452 U.S. 394, 401 (1981)); *Franceschi v. Franchise Tax Bd*., 1 Cal. App. 5th 247, 257 (App. 2d Dist. 2016) ("A predictable doctrine of res judicata benefits both the parties and the courts because it seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration." (emphasis removed; quotation omitted)).

In sum, res judicata bars subsequent litigation when "(1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding." *Franceschi*, 1 Cal. App. 5th at 257 (quoting *Zevnik v. Superior Court*, 59 Cal. App. 4th 76 , 82 (2008)).  Each of those elements is met here.

### 1.     The Decision in the Prior Lawsuit Was Final and on the Merits.

The State Court granted judgment for Best Buy (and against Strickland and the State) on October 5, 2016.  Dkt. 24-1, Ex. 2.  This decision was not challenged on appeal, and the deadline to file an appeal has now passed.  *See* Cal. R. Ct. 8.104(a)(1)(C).  The Superior Court's judgment is therefore now final.  Cal. Code Civ. P. § 1049; *McDonald v. Heard*, 37 Cal. App. 2d 521, 526 (Dist. App. 4th Dist. 1940).

### 2.     This Litigation Involves the Same Primary Rights, or "Cause of Action," for Purposes of Res Judicata

"[F]or purposes of . . . res judicata . . . the phrase 'cause of action' . . . is the right to obtain redress for a harm suffered, *regardless of the specific . . .  the legal theory (common law or statutory) advanced*."  *Villacres*, 189 Cal. App. 4th at 576 (emphasis added) (quoting *Boeken v. Philip Morris USA, Inc*., 48 Cal. 4th 788, 798 (2010)).  Thus, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. . . . a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, *even though* [a plaintiff] presents a different legal ground for relief."  *Id.* at 576-77 (emphasis added) (quoting *Boeken*, 48 Cal. 4th at 798).

As a corollary, both California Supreme Court and Appellate Court have long held that, when someone "has litigated, ***or had an opportunity to litigate the same matter in a former action . . . [it] should not be permitted to litigate it again.***"  *Panos v. Great Western Packing Co*.,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

10

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

21 Cal.2d 636, 637 (1943); *see also Sutphin v. Speik*, 15 Cal.2d 195 (Cal. 1940) ("If [a] matter was within the scope of the action, related to the subject-matter and relevant to the issues, so ***that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged***." (emphasis added)); *Bookout v. MUFG Union Bank*, 2016 WL 5404387, at *2 (Cal. Ct. App. Sept. 28, 2016) ("***Res judicata bars the litigation not only of issues that were actually litigated in a prior proceeding, but also issues that could have been litigated in that proceeding***." (citing *Zevnik*, 159 Cal. App. 4th at 82 (2008) (emphasis added)); *Franceschi*, 1 Cal. App. 5th at 259 ("[T]he doctrine of res judicata goes beyond the four corners of the operative pleading in the prior action:  'If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.'" (quoting *Warga v. Cooper*, 44 Cal. App. 4th 371 , 377-78 (1996) (emphasis added)); *Villacres*, 189 Cal. App. at 569 (App. 2d Dist. 2010) ("***Res judicata bars not only issues that were raised in the prior suit but related issues that could have been raised***." (emphasis added)).

As explained above, the PAGA claims in both lawsuits concern claims on behalf of the State for allegedly unpaid overtime, inaccurate wage statements, untimely payment of wages, and other wage-and-hour violations.  They therefore plainly concern the same primary rights.  *See, e.g.*, *Aguirre v. Genesis Logistics*, 2015 WL 3755239, at *4 (C.D. Cal. June 16, 2015) (holding that prior judgment concerning inaccurate wage statements barred later suit for inaccurate wage statements, noting that "***the inaccurate wage statement claims gives rise to only one cause of action***" and that the right to receive "accurate wage statements" was "the only primary right violated" (emphasis added)); *Villacres*, 189 Cal. App. 4th at 584-85 (holding that prior lawsuit alleging unpaid overtime and split shift wages had res judicata effect on new PAGA lawsuit concerning for overtime, timely payment of wages, and inaccurate wage statements, because the "claims were within the scope of the [prior] litigation and ***were related to the subject matter and issues in that action: the payment of wages and penalties by the same employer***."); *see also Jones v. San Diego Metro. Transit Sys.*, 2016 WL 3952154, at *3 (S.D. Cal. July 22, 2016) (holding that res judicata barred new lawsuit asserting different theories of improperly unpaid

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

11

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1   compensation, reasoning that "***the primary right at stake [in both lawsuits] is Plaintiffs' right to***

2   ***be compensated for time they spent working***" (emphasis added)).   Here, Harris's claims

3   indisputably "relate" to "the payment of wages and penalties by the same employer."  They

4   likewise concern, for instance, the "right to be compensated for time they spent working."

5       Moreover, the above-cited makes clear that Harris cannot circumvent res judicata by

6   conjuring up new or alternative theories for violations of these primary rights.  In the first lawsuit,

7   Strickland and the State clearly had, at the very minimum, "***an opportunity to litigate***" the claims

8   at issue here.  *Panos*, 21 Cal. 2d at 637 (emphasis added); *see also Villacres*, 189 Cal. App. 4th at

9   576 ("[A] judgment for the defendant is a bar to a subsequent action by the plaintiff based on the

10  same injury to the same right, *even though* [a plaintiff] presents a different legal ground for

11  relief." (quotations omitted)); *Eichman,* 147 Cal. App. 3d at 1174 (a party may not re-litigate the

12  same primary right by pleading "different theories of recovery," seeking "different forms of

13  relief," or pleading "new facts supporting recovery").  In fact, *they did* assert the claims of unpaid

14  overtime, inaccurate wage statements, and untimely payment of wages.

15      Put simply, it is beyond dispute that Strickland's prior lawsuit involved litigation of—or at

16  least ***an opportunity to litigate***—the primary rights at issue here.  They may not be re-litigated

17  again, as the State Court's judgment is final.

18          **3.      Privity Exists Because Both Lawsuits Involved PAGA Claims Asserted
                      on Behalf of Both the State and Plaintiffs**

19      Privity exists between the litigants of this and Strickland's prior lawsuit.  The California

20  Supreme Court squarely resolved this issue in *Arias v. Superior Court of San Joaquin County*, 46

21  Cal.4th 969 (2009).  There, the Court confirmed that "[a]n employee plaintiff suing . . . under

22  [PAGA], ***does so as the proxy or agent of the state's labor law enforcement agencies***."  *Id*. at 986

23  (emphasis added).  Indeed, "[i]n a lawsuit brought under [PAGA], the employee plaintiff

24  represents the same legal right and interest as state labor law enforcement agencies—namely,

25  recovery of civil penalties that otherwise would have been assessed and collected by the Labor

26  Workforce Development Agency."  *Id*. (emphasis added; citations omitted).[6]  The Court held,

27

28  [6] Notably, "[t]he employee plaintiff may bring the action only after giving written notice to . . .
    the Labor and Workforce Development Agency, and 75 percent of any civil penalties recovered

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

12                                                  CASE NO. 17-CV-00446-HSG
                                                    MTN TO DISMISS OR STRIKE SAC

therefore, that "*a judgment in an employee's action under [PAGA] binds not only that employee but also the state labor law enforcement agencies*."  *Id.* (emphasis added); *see also Trujillo v. Cnty. of Santa Clara*, 775 F.2d 1359, 1367 (9th Cir. 1985) ("[W]hen statutory authority to sue has been given specifically to a public entity, a judgment in such a suit is res judicata as to all those 'for whose benefit it is prosecuted.'"  (quoting *Coachella Valley County Water District v. Stevens*, 206 Cal. 400, 410-11, 274 P. 538, 542 (1929); citing *Rynsburger v. Dairymen's Fertilizer Cooperative, Inc*., 266 Cal. App. 2d 269, 277 (1968)).  Consequently, because the State Court granted summary judgment for Best Buy, res judicata bars the State (and its agents) from re-litigating the same rights against Best Buy here.  *See Arias*, 46 Cal.4th at 986.

Additionally, *Arias* makes clear that res judicata independently bars Harris from asserting another PAGA claim in this suit, given that she was *also* in privity with the representative plaintiff in Strickland's prior lawsuit.  As the Court held:

> Because an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself, *a judgment in that action binds all those, including nonparty aggrieved employees*, who would be bound by a judgment in an action brought by the government.  The act authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations (Lab. Code, § 2699, subds. (a) , (g)), and an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties" (*People v. Pacific Land Research Co*. (1977) 20 Cal.3d 10, 17 [141 Cal.Rptr. 20, 569 P.2d 125]).  When a government agency is authorized to bring an action on behalf of an individual or in the public interest, and a private person lacks an independent legal right to bring the action, a person who is not a party but who is represented by the agency is bound by the judgment as though the person were a party.  (Rest.2d Judgments, § 41, subd. (1)(d), com. d, p. 397.)  Accordingly, with respect to the recovery of civil penalties, *nonparty employees as well as the government are bound by the judgment in an action brought under [PAGA]*."

*Id.* (emphasis added); *see also id*. at 985 (*"[T]he judgment in such an action is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employee not a party to the proceeding."* (emphasis added)).[7]

---

must be distributed to the Labor and Workforce Development Agency."  *Id*. (citations omitted).
[7] As the Court also noted, it would be unfair if "various plaintiffs in separate lawsuits against the same defendant [could] assert claims presenting common issues. . . . [without being] bound by prior determinations in the defendant's favor."  *Id*. at 985.  After all "[o]ne plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed," meaning that a defendant "could face the terrors of an open-ended lawsuit that cannot be defeated, cannot be settled, and cannot be adjudicated."  *Id*. (quoting *Fireside Bank v. Sup. Ct* . 40 Cal.4th 1069, 1078, 1080, 1033; *Premier Elec. Constr. Co. v. N.E.C.A., Inc*. 814 F.2d 358, 362 (7th Cir. 1987)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

13

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1   In short, given the Supreme Court's clear holdings in *Arias*, there can be no question that

2   privity exists between the litigants of these suits.  Both suits are brought by agents of the state.

3   Moreover, Harris was an allegedly represented employee in the prior lawsuit, meaning she

4   independently is also bound by the State Court's judgment.  Res judicata therefore bars the

5   attempted re-litigation of these same primary rights in this lawsuit.

6   **C.      Collateral Estoppel Bars Harris from Asserting an Overtime Claim.**

7   As referenced above, Harris has already sued Best Buy for unpaid overtime, and the court

8   dismissed her claim with prejudice.  More specifically, this Court found that she could not

9   challenge the complained-of overtime compensation because it never applied to her.  2016 WL

10  6248893, at *2.

11  This Court should apply California law to determine the claim preclusive effect of the prior

12  judgment in this action.[8]  *Gustafson v. U.S. Bank N.A.*, 618 F. App'x 921, 922 (9th Cir. 2015).  In

13  California, collateral estoppel bars the re-litigation of factual or legal issues from prior proceedings

14  whenever:

15      (1) the issue [is] identical to that decided in the prior proceeding; (2) the issue [was]
        litigated in the prior proceeding; (3) the issue [was] necessarily decided in the prior
16      proceeding; (4) the decision [was] final and on the merits; and (5) preclusion [is] sought
        against a person who was a party or in privity with a party to the prior proceeding.

17  *Alvarez v. May Dep't Stores*, 143 Cal. App. 4th 1223, 1233 (2006) (citation omitted).  *Bufil v.*

18  *Dollar Financial Group, Inc.*, 162 Cal. App. 4th 1193, 1202 (2008) ("A prior judgment operates as

19  a collateral estoppel on issues which were raised, notwithstanding that some factual matters or

20  legal arguments which could have been presented in the prior case were not." (citation omitted)).

21  Each of these five elements is satisfied met here.  As referenced above, the same parties

22  litigated—and Best Buy ultimately obtained—summary judgment on Harris's overtime claims

23  because there is no overtime that she was owed and not paid.  2016 WL 6248893, at *2.  Plaintiff

24  does not dispute this.  *See* SAC ¶ 10 (noting the court "found that Plaintiff Starvona Harris could

---

[8] Even if this Court applied federal common law, the result is the same.  *McQuillion v.*
*Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (to apply collateral estoppel, "(1) the issue
at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been
actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3)
the determination of the issue in the prior litigation must have been a critical and necessary part of
the judgment in the earlier action").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

14

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

not assert the unpaid overtime claim . . . because during the fiscal months she earned Monthly STI Bonuses, [she] did not work overtime hours in the same workweek she earned a Path to Excellence bonus").  Plaintiff Strickland's overtime claim in this case is based on the same alleged overtime compensation practices.  *See, e.g.*, SAC, ¶ 17.  And Plaintiff Harris improperly attempts again to pursue a representative action on this basis, pleading "[a]s alleged earlier, certain former and current non-exempt California employees were not paid overtime wages relating to the Month STI Bonus."  SAC, ¶ 59.  Thus, because a court has already found for Best Buy on Harris's overtime claim and dismissed her overtime claim with prejudice, she cannot now simply re-file the case in another suit in hopes of re-litigating the same claim.

### D.   Harris Cannot Pursue PAGA Claims on Behalf of Others for An Alleged Overtime Violation She Never Experienced.

Plaintiff Harris already lost her own overtime claim against Best Buy.  And, as explained below, PAGA does not provide her with a backdoor license to sue Best Buy, on behalf of others, for harms she indisputably never experienced.

#### 1.   PAGA's Text and Legislative History Confirm that Plaintiffs Must Suffer the Harms they Seek to Litigate.

PAGA specifies that "any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the [LWDA] . . . may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself ***and*** other current or former employees."  Labor Code § 2699(a) (emphasis added).  Section 2699(c), in turn, defines an "aggrieved employee" as "any person . . . against whom one or more of the alleged violations was committed."  As discussed further below, the phrase "one or more" in § 2699(c) is properly read as an acknowledgment that PAGA penalties may be based on more than one type of Labor Code violation, and that more than one aggrieved employee may be joined as a co-plaintiff.  As both this Court and California state courts have already noted, the language does *not* mean that a PAGA plaintiff experiencing only one alleged Labor Code violation can declare litigation open-season on employers for all other conceivable types of Labor Code violations.

The text of PAGA makes clear that only an employee aggrieved by a Labor Code violation may bring a PAGA claim for such alleged Labor Code violation "on behalf of himself or herself

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

15

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1   *and* other current and former employees." Labor Code §2699(a) (emphasis added).  The

2   Legislature's usage of the conjunctive "and" (instead of the disjunctive "or") is instructive.

3   Grammatically, this language requires that the aggrieved employee litigate violations of "*any*"

4   individual Labor Code provision on behalf of herself *and* others—not on her behalf *or* others.  And

5   a plaintiff plainly *cannot* bring a PAGA claim "on behalf of herself" unless she actually

6   experienced the alleged violation.  Against this backdrop, the definitional use of "one or more" in

7   § 2699(c) cannot mean that a plaintiff could bring a PAGA claim challenging an alleged violation

8   that happened *only* to others.  *See Kairy v. SuperShuttle Int'l*, 660 F.3d 1146, 1154 (9th Cir. 2011)

9   ("[T]he words of a statute must be read in context, considering the nature and purpose of the

10   statutory enactment.").

11          PAGA's legislative history clearly confirms that the Legislature intended to confer standing

12   for plaintiffs to pursue **_only_** those Labor Code violations for which they were *personally* aggrieved.

13   Indeed, the law's sponsors specifically promised that PAGA plaintiffs would need to have

14   individually suffered the harms alleged—unlike plaintiffs in UCL lawsuits at that time, which had

15   caused a significant headache for the Legislature and the courts:

16           The sponsors are mindful of the recent, well-publicized allegations of private
             plaintiff abuse of the [Unfair Competition Law], and have attempted to craft a
17           private right of action that will not be subject to such abuse. First, unlike the UCL,
             ***this bill would not open private actions up to persons who suffered no harm from***
18           ***the alleged wrongful act***. Instead, private suits for Labor Code violations could be
             brought only by an "aggrieved employee"—an employee of the alleged violator
19           ***against whom the alleged violation was committed***.

20   *See* RJN, Ex. E at 4 (emphasis added).  The Senate Judiciary Committee specifically noted this

21   limitation to only violations the plaintiff/employee actually experienced in its analysis of the bill.

22   *See id*.  The Assembly Committee on Labor and Employment *also* made this same observation.

23   RJN, Ex. F at 4.  Additionally, the Senate Committee on Labor and Industrial Relations further

24   stated that "unlike the [UCL], this bill entitles an individual to act in the capacity of [private

25   attorney general] to seek remedy of a labor law violation *solely* because they have been aggrieved

26   by ***that violation***."  RJN, Ex. G at 2 (emphasis added).

27          This legislative history reflects the unmistakable intent of the Legislature to confer PAGA

28   standing on plaintiffs to challenge violations that they experienced.  Allowing plaintiffs to sue for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

16

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

harms they never experienced would be absurd and contravene the Legislature's expressed intent.

### 2. This Court, and Other Courts, Have Held that Plaintiffs Must Experience Each Harm they Allege under PAGA.

This Court has already held that a representative PAGA plaintiff must have personally suffered the violations she seeks to litigate.  Indeed, in *Fobroy v. Video Only, Inc.*, 2014 WL 6306708 (N.D. Cal. Nov. 14, 2014), Judge Chen held that the plaintiff could not pursue a PAGA claim for alleged unpaid minimum wages, unpaid overtime, and untimely payment of wages—as those claims had been adjudicated against plaintiff at summary judgment.  *Id.* at *5.  The plaintiff *could*, however, pursue a PAGA claim for other claims that *had* survived summary judgment.  *Id.*

Other courts have agreed.  The court in *Alvarez v. Autozone, Inc.*, No. 14-cv-02471 (C.D. Cal. Jul. 8, 2015) (RJN, Ex. H), for instance, stayed the plaintiff's derivative PAGA claims pending arbitration of the plaintiff's individual claims, reasoning that "it is likely that the disposition of the arbitration will assist in defining the scope of the PAGA claims moving forward."  *Id.* at 4.  The court further explained that "[i]f some of Plaintiffs individual claims were dismissed during arbitration, a different representative would need to bring the dismissed claims under PAGA because Plaintiff could not assert to be an 'aggrieved employee' with respect to those claims as required by the statue."  *Id.* (also noting that "the result of the arbitration would establish the basis for which, if any, PAGA claims could move forward").  Likewise, in *Wassink v. Affiliated Computers Services, Inc.*, 2011 WL 13077358 (C.D. Cal. Dec. 21, 2011), the court rejected plaintiff's argument that he had standing under PAGA to represent other employees for allegedly unlawful deductions from wages, even though his wages were not unlawfully deducted.  The court specifically held that the plaintiff "has no standing to bring a PAGA claim for violations of sections 221 and 222 because no illegal deductions were made from his wages, even if he has standing to bring a PAGA claim for other Labor Code violations."  *Id.* at *3

The California State Superior Court reached the same conclusion in *Lopes v. Kohl's Department Stores*, Case No. RG08-380189 (Alameda Sup Ct. 2016) (Carvill, J.) (RJN Ex. I).  As the court soundly reasoned:

> It is true that in [section 2699(c) of PAGA] an "aggrieved employee" is defined to mean "any person who was employed by the alleged violator and against whom *one or more* of the alleged violations was committed" (emphasis added), but that does

1

2

3

4

5

6

7

8

9

not require a construction that would allow a PAGA plaintiff, against whom only one LC violation was committed, to recover civil penalties for multiple violations of the LC committed against other employees, *including violations not committed against him/her personally*.  The "one or more" formulation in the statute is there to make it clear that a named plaintiff must have suffered at least one of the alleged violations, *while allowing for the possibility that there may be co-plaintiffs who have suffered different violations*.  Further, the definition of "aggrieved employee" is written so as to encompass not only the named plaintiff but similarly situated employees who may "count" for violation and distribution purposes.  **In other words, the definition of the term "aggrieved employee'" must be broad enough to encompass *both* the named plaintiff(s) and those similarly situated—not all of whom must have suffered all of the violations the named plaintiff suffered.**  Plaintiffs' alternative construction of the statute would reduce the significance of the aggrieved employee requirement to the point where the violation as to which the named plaintiff is actually aggrieved might be only remotely related (if at all) to the principal disputes being adjudicated.

*Id*. at 6 (emphasis added).[9]

10

11

### 3. Adopting Harris's Interpretation of PAGA's Standing Requirement Would Have A Profoundly Adverse Impact On Absent Individual's Rights And Would Lead to Absurd Results.

12

13

14

15

16

17

Requiring representative plaintiffs to have suffered the harms they seek to challenge avoids serious unfairness and due process problems that would arise absent such a requirement.  Again, in *Arias*, the California Supreme Court confirmed that an adjudicated PAGA claim has res judicata effect and "binds all . . . nonparty aggrieved employees" on whose behalf the suit was brought. *Arias,* 46 Cal. 4th at 986.  Thus, as described above, res judicata comprehensively bars allegedly aggrieved employees from litigating those same primary rights in the future.  *See id*. at 985-86.

18

19

20

*Arias*'s holding (that res judicata bars nonparty employees in PAGA suits from later litigating the same primary rights) makes sense when the representative plaintiff and nonparties

21

22

23

24

25

26

27

28

[9] A handful of decisions have opined in dicta that a plaintiff need not suffer each harm he or she seeks to litigate under PAGA.  *See Holak v. Kmart Corp*., 2015 WL 2384895, at *5-6 (E.D. Cal. May 19, 2015) (granting summary judgment as to PAGA claim because plaintiff did not suffer *any* of the Labor Code violations that were sufficiently identified in the LWDA letter); *Stafford v. Dollar Tree Stores, Inc*., 2014 WL 6633396, at *2 (E.D. Cal. Nov. 21, 2014) (bifurcating proceedings so that plaintiff's individual entitlement to PAGA penalties could be adjudicated first); *Molina v. Dollar Tree Stores, Inc*., 2013 BL 386549, at *11-12 (C.D. Cal. Aug. 09, 2013) (denying motions for summary judgment and to terminate PAGA action because there remained triable issues of fact concerning employees' exemption status); *Rope v. Auto-Chlor System of Washington, Inc*., 220 Cal. App. 4th 635, 650 (2013) (superseded by statute, Stats. 2015, c. 122 (A.B. 987), §2) (affirming demurrer to a PAGA claim because none of plaintiff's underlying Labor Code claims were viable); *Jeske v. Maxim Healthcare Services, Inc*., 2012 WL 78242, at *13 (E.D. Cal. Jan. 10, 2012) (dismissing PAGA claims because scope of allegedly aggrieved employees was "imprecisely defined").  But these opinions and dicta cannot trump the unambiguous legislative history and better-reasoned decisions discussed herein.

suffer the same Labor Code violations.  After all, the parties share the requisite privity and "identity of interests" in litigating the alleged violations.  But it would be patently unfair to nonparties for a PAGA plaintiff with *no personal stake* in litigating an alleged violation to litigate it for them.  This unfair scenario underscores not only the purpose of res judicata's "privity" principle, but also the foundational purpose of standing in general—that is, to ensure that plaintiffs have sufficient personal stake and incentive to effectively litigate a claim.  *See Susan B. Anthony List v. Driehaus,* 134 S. Ct. 2334, 2341 (2014) (the injury-in-fact requirement for standing helps ensure that the plaintiff has a "personal stake in the outcome of the controversy"); *see also Boorstein v. CBS Interactive, Inc*. 222 Cal. App. 4th 456, 465 (2013) ("As a general principle, standing to invoke the judicial process requires an actual justiciable controversy as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented to the adjudicator." (citations omitted)).  By nevertheless inviting this Court to allow a "representative" to comprehensively litigate the legal rights of others with whom she lacks privity and identity of interests (given that she never experienced the harm alleged), Harris is asking this court to ignore these time-proven principles.

When interpreting a statute, courts should interpret statutes to avoid absurd results and give effect to the intention of the Legislature.  *Kairy*, 660 F.3d at 1154; *see also Dyer v. United States*, 832 F.2d 1062, 1066 (9th Cir. 1987) (when interpreting a statute, the plain meaning governs unless such plain meaning would lead to absurd results).  Here, the Court should reject Plaintiff's interpretation of PAGA, which would only increase the deluge of PAGA cases already flooding the courts, and which contradicts the Legislature's intent (as discussed above).  Moreover, this Court should reject Plaintiff's invitation to strip nonparties of their due process interest in having their rights litigated by the proper parties.  *See St. Martin Evangelical Lutheran Church v. South Dakota*, 451 U.S. 772, 780 (1981) ("A statute, of course, is to be construed, if such a construction is fairly possible, to avoid raising doubts of its constitutionality.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

19

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1

**E.**     **Harris's PAGA Claim Should Be Limited to Only Those "Facts and Theories" that She Administratively Exhausted—which Excludes, For Instance, Claims Concerning "Points" or "Previous Period Hrs"**

2

3      A plaintiff may file a civil PAGA action only after he or she gives "written notice by

4  certified mail to the [LWDA] and the employer of the specific provisions of [the Labor Code]

5  alleged to have been violated, including the facts and theories to support the alleged violation."

6  Cal. Lab. Code § 2699.3(a)(1) (emphasis added); *Caliber Bodyworks, Inc. v. Superior Court*, 134

7  Cal. App. 4th 365, 376 (2005) ("Section 2699.3, subdivision (a), provides the administrative

8  procedures that must be followed before an aggrieved employee may file a civil action to recover

9  civil penalties under section 2699 . . . ."). Hence, Harris's claims in this lawsuit must be limited

10  only to those "facts and theories" that she administratively exhausted before filing suit—which

11  excludes, for instance, her newfound overtime theory relating to "points," as well as her wage

12  statement theory concerning "Previous Period Hrs."

13      With respect to the alleged inaccurate wage statement claim, Harris simply recited the

14  various wage statement requirements under the Labor Code, and then summarily asserted that Best

15  Buy violated them. Her assertions consist almost entirely of legal conclusions. The scant

16  "factual" allegations allude only to "bonuses" and "overtime." Hence, neither an employer nor the

17  LWDA could plausibly discern from Harris's letter that she was, in reality, challenging "Previous

18  Period Hrs" entries in wage statements. In fact, there is not a single reference to these "Previous

19  Period Hrs" payments anywhere in her letter.

20      Harris's letter also fails to provide notice of her new overtime claim concerning "points"

21  awarded under Best Buy's Path to Excellence Program. Again, her newfound theory is that Best

22  Buy underpaid overtime because it did not include the Monthly STI bonus in its calculation of the

23  Path to Excellence bonuses. SAC ¶ 17 (also complaining that Best Buy failed to include these

24  "points" earnings under the Path to Excellence Program "when calculating the [Monthly STI

25  Bonus]"). Like the new "Previous Period Hrs" allegations, however, there is not a single reference

26  to "points" or the "Path to Excellence" program anywhere in Harris's letter. Nor does the letter

27  provide any reasonable basis for either Best Buy or the LWDA to glean that these undisclosed

28  theories were, in fact, what Harris was really challenging. Notably, this dearth of allegations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

20

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1    concerning "points" and the "Path to Excellence" program is exactly why this Court altogether

2    denied discovery concerning the "points" and "Path to Excellence" program in the first lawsuit.

3         California district courts have dismissed similarly deficient letters for failures to specify

4    "the facts and theories" on which claims were based.  In *Stoddart v. Express Services, Inc.*, 2015

5    WL 5522142 (E.D. Cal. Sept. 16, 2015), for instance, the plaintiff's PAGA letter specified that

6    wage statements were inaccurate because they, among other things: (1) failed to show "the total

7    hours worked by the employee and gross wages earned because [the defendants] fail to record all

8    hours worked by [plaintiff] and other similarly aggrieved employees," (2) were inaccurate due to

9    failures to provide "legally compliant meal periods" when the plaintiff was required "to remain on

10   the premises due to fear of theft," and (3) reflected improper overtime compensation "for overtime

11   hours worked."  *Id*. at *6-8.  Plaintiff then filed suit asserting wage statement claims for alleged

12   failures to list inclusive dates of pay periods, failures to provide second meal periods for longer-

13   than-ten-hour shifts, and failures to improperly calculate overtime on bonuses.  The court,

14   however, rejected these new theories concerning the wage statements and limited plaintiff to only

15   the specific theories identified in the letter.  In so holding, the court held that "PAGA claims are

16   limited to the *specific theories* identified in a prior LWDA notice letter.  *Setting forth a violation*

17   *based on one theory does not satisfy the notice requirement as to a violation of even the same code*

18   *section under a different theory*."  *Id*. at *6 (citations omitted)).  Similarly, in *Bradescu v. Hillstone*

19   *Rest. Grp., Inc.,* 2014 WL 5312546 (C.D. Cal. Sept. 18, 2014), *order confirmed*, 2014 WL

20   5312574 (C.D. Cal. Oct. 10, 2014), the plaintiff's PAGA letter identified a "free meals-based

21   overtime theory," but failed to specify her later-raised overtime theories concerning "large party

22   gratuities" and "training bonuses."  *Id*. at *11.  The court limited the PAGA claims to the theories

23   specified in the letter and therefore barred her from litigating her new overtime theories.  *See id*.

24        These are two of many court decisions that have properly limited plaintiffs' PAGA claims

25   to the facts and theories they administratively exhausted.  *See also Alcantar v. Hobart Serv*., 800

26   F.3d 1047, 1057 (9th Cir. 2015) (confirming that mere "legal conclusions" do not satisfy PAGA's

27   administrative exhaustion requirement); *Holak v. K Mart Corp*., 2015 WL 4756000, at *3 (E.D.

28   Cal. Aug. 11, 2015) (confirming that "a plaintiff is limited to the theories stated in the notice

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

21

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

letter" and noting there is no "substantial difference of opinion" among courts on the issue); *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 WL 5680310, at *4 (C.D. Cal. Sept. 25, 2015) ("The exceedingly detailed level of specificity for [PAGA letters] is not satisfied here."); *Amey v. Cinemark USA Inc*, No. 13-CV-05669-WHO, 2015 WL 2251504, at *13 (N.D. Cal. May 13, 2015) ("[p]arroting the statute that was violated is insufficient to provide notice under [PAGA]"); *Soto v. Castlerock Farming & Transp. Inc*., 2012 WL 1292519, at *8 (E.D. Cal. Apr. 16, 2012) (dismissing PAGA claim for failure to exhaust administrative remedies, and noting its view that the "Ninth Circuit requires an exceedingly detailed level of specificity" in PAGA letters); *Plaisted v. Dress Barn, Inc*., 2013 WL 300913, at *6 (C.D. Cal. Jan. 25, 2013) ("Contrary to [plaintiff's] contention, general notice is not the criterion by which PAGA claim [letters] are assessed."); *Studley v. All. Healthcare Servs., Inc.*, 2012 WL 12286522, at *6 (C.D. Cal. July 26, 2012) (barring new "theory of liability," even though same code section was cited in PAGA letter).  Thus, Harris cannot pursue PAGA theories based on: (1) overtime relating to the Path to Excellence "points" or other unidentified compensation, and (2) wage statement claims related to Previous Period Hrs payments.

### F.        Harris Fails to Adequately Plead Her PAGA Claim.

Harris's Seventh Cause of Action should likewise be dismissed as insufficiently pleaded. A plaintiff's representative claims based only on bald allegations that fail to describe sufficient facts or circumstances to support such allegations must be dismissed.  *Iqbal*, 556 U.S. at 681; *Twombly*, 550 U.S. at 555.  In one paragraph, Harris summarily recites numerous bases for her PAGA claim, including that Best Buy

> "willfully failed to maintain accurate records of hours worked for its non-exempt California employees … willfully failed to timely provide accrued wages during employment and also upon termination … failed to provide wage statements that comply with Labor Code § 226 to California employees … failed to reimburse employees for business related expenses and failed to provide agreed upon wages and/or overtime pay to certain non-exempt employees of DEFENDANT who worked in California as required under the Labor Code and Wage Orders, among other things.  As alleged earlier, certain former and current non-exempt California employees were not paid overtime wages relating to the Monthly STI bonuses.

SAC, ¶ 59.

As discussed above, Harris is barred by res judicata, collateral estoppel, and standing from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

22

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC

1    reasserting PAGA claims based on alleged unpaid overtime "relating to the Monthly STI

2    bonuses." And there is a dearth of actual facts—as opposed to legal conclusions—to support her

3    remaining allegations. Simply parroting requirements of Labor Code and summarily stating, for

4    instance, that wage statements fail to "comply with Labor Code § 226," that Best Buy somehow

5    "failed to reimburse employees for business related expenses," "failed to timely provide accrued

6    wages during employment," "failed to maintain accurate records of hours worked," and "failed to

7    provide agreed upon wages" are clearly conclusory and inadequate. As a result, Best Buy can

8    only speculate as to the breadth and substance of the PAGA claims Harris seeks to assert in this

9    action. Additionally, it is unclear which groups of Best Buy's employees Harris even claims were

10   allegedly affected, as she vaguely refers to "non-exempt California employees," "California

11   employees," or "certain non-exempt employees" and makes no reference to the defined putative

12   classes she describes in the Second Amended Complaint. *See* SAC, at ¶ 13. For all these

13   reasons, Harris's PAGA claim should be dismissed in its entirety as insufficiently pleaded.

14   **IV.    CONCLUSION**

15           For the foregoing reasons, this Court should grant Best Buy's Motion. Every element of

16   Plaintiff Harris's PAGA claim is insufficiently pleaded and/or otherwise barred.

17

18   Dated: July 27, 2017                          MORGAN, LEWIS & BOCKIUS LLP

19

20                                          By      s/ Barbara J. Miller
                                                   Barbara J. Miller
21                                                 Bryan L. Jarrett
                                                   Sarah J. Allen
22                                                 Attorneys for Defendant
                                                   Best Buy Stores, L.P.
23

24   DB2/ 31737241

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

23

CASE NO. 17-CV-00446-HSG
MTN TO DISMISS OR STRIKE SAC