United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS, ET AL.,<br><br>  Plaintiffs,<br><br>v.<br><br>BEST BUY STORES, L.P.,<br><br>  Defendant. | Case No. 4:17-cv-00446-HSG (KAW)<br><br>**ORDER REGARDING 7/28/17 JOINT LETTER RE: PLAINTIFF STARVONA HARRIS'S DEPOSITION**<br><br>Re: Dkt. No. 62 |

On July 28, 2017, the parties filed a joint letter concerning Defendant Best Buy's request to depose Plaintiff Starvona Harris in the instant lawsuit. (Joint Letter, Dkt. No. 62 at 2.) This is the third class action lawsuit Ms. Harris has filed against Best Buy, and she has twice undergone deposition in the original 2015 action, which totaled 7.5 hours. *Id.*

Here, Plaintiffs seek a protective order to preclude a third deposition and seeking other duplicative written discovery[1] on the grounds that this creates an undue burden and expense for Ms. Harris. (Joint Letter at 3.) Ms. Harris is a single mother who works a "slightly more" than minimum wage job in the Bay Area, and she would not be paid for her day off. *Id.*

In opposition, Defendant argues that Ms. Harris decided to file multiple lawsuits, and that does not excuse her from her discovery obligations. (Joint Letter at 4.) Best Buy represents that Ms. Harris's 2015 lawsuit was dismissed after her federal claim was dismissed and she declined to amend to assert continued jurisdiction under CAFA. (Joint Letter at 5.) Instead, Ms. Harris filed

---

[1] The Court declines to make any determination regarding allegedly "duplicative written discovery" based on the contents of this joint letter, as the issue is not properly briefed. The parties are encouraged to meet and confer regarding this issue to avoid unnecessarily requiring court intervention. The Court notes that the parties filed five joint letters in the span on five days— including this one— which is uncommon and suggests that they are not properly meeting and conferring. (*See* Dkt. Nos. 56, 57, 60-62.)

two additional lawsuits. (Joint Letter at 5-6.) Best Buy contends that the instant lawsuit adds a new co-plaintiff, redefines all of the classes and subclasses, and splits claims between this lawsuit and the other pending lawsuit. (Joint Letter at 6.)

Ms. Harris decided to file three lawsuits, and the instant case involves an additional co-plaintiff, different claims, and the redefinition of the classes and subclasses. Defendant, therefore, is entitled to take her deposition for 7 hours. *See* Fed. R. Civ. P. 30(d)(1). Accordingly, the Court DENIES Ms. Harris's motion for protective order. The parties shall meet and confer regarding the scheduling of her deposition.

IT IS SO ORDERED.

Dated: August 15, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

2