1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 STARVONA HARRIS, ET AL.,                    Case No. 4:17-cv-00446-HSG   (KAW)

8         Plaintiffs,                          **ORDER REGARDING 7/24/17 JOINT
                                               LETTERS RE: PLAINTIFF HARRIS**
9      v.
                                               Re: Dkt. Nos. 56 & 57
10 BEST BUY STORES, L.P.,

11         Defendant.

12

13          On July 24, 2017, the parties filed separate joint letters concerning the sufficiency of

14 Defendant Best Buy's responses to Plaintiff Starvona Harris's first set of interrogatories (Dkt. No.

15 56) and her first set of requests for production of documents (Dkt. No. 57).  Since the letters

16 address similar issues, the undersigned will resolve both in a single order.

17                              **I.    BACKGROUND**

18          On February 11, 2015, Plaintiff Starvona Harris filed a Fair Labor Standards Act ("FLSA")

19 collective action and California class action lawsuit against her former employer, Best Buy Stores,

20 L.P., for violations of wage and hour laws.  Plaintiff was employed by Best Buy from October

21 2013 to September 2014.  The district court granted summary judgment as to Ms. Harris's unpaid

22 overtime claim under FLSA and California law, because, during the fiscal months she earned

23 Monthly STI Bonuses, she did not work overtime hours in the same workweek she earned a Path

24 to Excellence bonus. Order Granting Mot. for Reconsideration at 3-4, *Harris v. Best Buy, L.P.,* 15-

25 cv-00657 (N.D. Cal. Oct. 26, 2016), ECF 124. As a result, Ms. Harris's federal and state overtime

26 claims were dismissed, and, ultimately, the district court declined to exercise supplemental

27 jurisdiction over the remaining state law claims, and dismissed the case without prejudice. *Id.* at 5;

28 Order of Dismissal, *Harris v. Best Buy, L.P.,* 15-cv-00657 (N.D. Cal. Dec. 28, 2016), ECF 131.

United States District Court
Northern District of California

1      On December 29, 2016, Plaintiffs Starvona Harris and Jonathan Strickland filed the instant

2   lawsuit in state court alleging violations of California unpaid wage and overtime law. The case

3   was removed to federal court under the Class Action Fairness Act.

## II.      LEGAL STANDARD

5      The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has

6   the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or

7   defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not

8   be admissible to be discoverable. *Id.*  The court, however, "must limit the frequency or extent of

9   discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or

10  duplicative, or can be obtained from some other source that is more convenient, less burdensome,

11  or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

12  information by discovery in the action; or (iii) the proposed discovery is outside the scope

13  permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Furthermore, "[t]he court may, for good

14  cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

15  undue burden or expense," including by precluding discovery, by conditioning disclosure or

16  discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope

17  of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on

18  the trial court to decide when a protective order is appropriate and what degree of protection is

19  required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

20     "District courts have broad discretion to control the class certification process, and whether

21  or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v.*

22  *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## III.      DISCUSSION

### A.      Relevant Time Period

25     As an initial matter, the parties disagree on the relevant time period. California Labor Code

26  § 203 assesses waiting time penalties for the failure to pay wages after termination.  Plaintiff

27  argues that the word "commenced" in section 203 refers to the date of certification rather than the

28  date the putative class action was filed. (*See* Dkt. No. 57 at 2-4.)  Defendant argues that

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "commenced" refers to the date the prior lawsuit was filed, which was on February 11, 2015, such

2    that Plaintiff is not entitled to discovery after that date. *Id.* at 5-6.

3          The Court tends to agree with Plaintiff, because the putative class members are not part of

4    the class until the class is certified, and so those employees discharged after that date could be

5    potential class members.  Indeed, the Second Amended Complaint clearly identifies the class as

6    "DEFENDANT'S non-exempt employees who were employed in California during the period

7    from four years prior to the filing of the Prior Federal Action (February 11, 2011) until this

8    Court's Order granting class certification who fall within one or more of the following subclasses

9    ("California Class"). . . ." (Second Am. Compl., "SAC," Dkt. No. 55 ¶ 13.)

10          The Court notes that Plaintiff's citation to *Brewer v. General Nutrition Corporation* is

11    misleading, because, while the court noted that "the word 'commenced' is used differently in the

12    limitations context in *American Pipe* than it is in the context of section 203's accrual cutoff," the

13    court never ruled on the merits. 2015 WL 5072039, at *14 (N.D. Cal. Aug. 27, 2015).

14    Defendant's legal authority is similarly unavailing, as they do not confirm that commencement is

15    when the class action is filed, rather than when it is certified. (*See* Dkt. No. 57 at 6.)  To the

16    contrary, the cases cited are predominantly suits in which the class representatives lacked standing

17    to state a valid section 203 claim, because they were still employed.  *See, e.g., Pulido v. Coca-*

18    *Cola Enterprises, Inc.*, No. EDCV06-406VAP(OPX), 2006 WL 1699328, at *2-3 (C.D. Cal. May

19    25, 2006) (Plaintiffs could not state a valid section 203 claim, because they were still employees,

20    and simply filing the case as a class action could not save the claim.); *Mersnick v. USProtect*

21    *Corp.*, No. C-06-03993 RMW, 2006 WL 3734396, at *8 (N.D. Cal. Dec. 18, 2006)(current

22    employee lacked standing to bring section 203 claim); *Roberts v. Marshalls of CA, LLC*, No. 13-

23    CV-04731-MEJ, 2017 WL 1152967, at *13 (N.D. Cal. Mar. 28, 2017)("As these class members

24    continue to work for Defendants, they are not legally entitled to waiting time penalties.").  The

25    only relevant case to which Defendant cites that addresses the commencement issue is an

26    unpublished order from the Central District of California, in which the plaintiff conceded the

27    issue. (Dkt. No. 57 at 6) (citing *Campbell v. Best Buy Stores, L.P.*, 2014 U.S. Dist. LEXIS 190308,

28    *62 (C.D. Cal. Aug. 15, 2014)).  In light of the plaintiff's concession, the court provided no legal

1    analysis. *See id.*  Thus, the case is not persuasive.

2        Here, the district court has not made a dispositive ruling regarding the class period.  As

3    relevancy is a broad standard, the undersigned declines to limit the discovery at this juncture.

4    Accordingly, for the purposes of discovery, and until the district court makes a dispositive ruling

5    regarding the commencement issue in the section 203 context, Best Buy shall provide responsive

6    information until such a date as the class is certified.

7        **B.    Interrogatory Nos. 1-3**

8        Special interrogatory Nos. 1-3 seek the identities and contact information for putative class

9    members and PAGA-aggrieved employees. (Dkt. No. 56 at 2.) The contact information sought

10   includes names, addresses, phone numbers, and email addresses. *Id.*

11       Plaintiff believes that she is entitled to the information subject to a protective order. *Id.* The

12   Supreme Court has recognized the importance of permitting class counsel to communicate with

13   potential class members for the purpose of gathering information, even prior to class certification.

14   *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–03 (1981); *see also Vinole*, 571 F.3d at 942 ("Although

15   a party seeking class certification is not always entitled to discovery on the class certification

16   issue, the propriety of a class action cannot be determined in some cases without discovery.");

17   *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the better and

18   more advisable practice for a District Court to follow is to afford the litigants an opportunity to

19   [obtain material through discovery in order to demonstrate] whether a class action was

20   maintainable . . . especially when the information is within the sole possession of the defendant.").

21   District courts do not abuse their discretion by refusing to allow pre-certification discovery where

22   the plaintiff failed to show either a prima facie case for class relief under Rule 23 or that discovery

23   was likely to produce substantiation of the class allegations. *See id.* (class certification was

24   properly denied without discovery where plaintiffs could not make a prima facie showing of Rule

25   23's prerequisites or that discovery measures were "likely to produce persuasive information

26   substantiating the class action allegations"); *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985)

27   (no abuse of discretion by denying pre-certification discovery where plaintiff merely cited "two

28   other complaints filed elsewhere" by similar plaintiffs against the same defendant to demonstrate a

United States District Court
Northern District of California

4

1    likelihood that discovery would substantiate class allegations).

2          Defendant argues that Plaintiff is not entitled to the private contact information of more

3    than 10,000 employees simply because she has asserted a PAGA claim and called her case a class

4    action. (Dkt. No. 56 at 4.)  The undersigned, however, agrees that "nothing in *Doninger* and

5    *Mantolete . . .* suggests that a prima facie showing is mandatory in all cases, and it very well may

6    be the case that courts routinely do not require such a showing." *Kaminske v. JP Morgan Chase*

7    *Bank N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010); *see also Wellens v. Daiichi*

8    *Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *2 (N.D. Cal. Mar. 5, 2014).

9    Moreover, as Plaintiff points out, "numerous courts in this District have made clear, the disclosure

10   of class members' contact information, such as their names, addresses, telephone numbers, and

11   email addresses, is a common practice in the pre-class certification context." *Bell v. Delta Air*

12   *Lines*, Inc., No. C 13-01199 YGR (LB), 2014 WL 985829, at *3 (N.D. Cal. Mar. 7, 2014).

13   Accordingly, Plaintiff has sufficiently established that she requires the information sought to

14   substantiate the class allegations.

15         Notwithstanding, the Court agrees that Plaintiff is not entitled to the contact information

16   for all putative class members and PAGA-aggrieved employees.  Rather, a random sample is more

17   appropriate at this juncture. Given the large size of the putative class, the Court finds that the 500

18   employees previously offered by Defendant is appropriate. (*See* Dkt. No. 56 at 5-6.) That said,

19   Best Buy shall produce the names, last known address, phone number, and email address of each

20   member of the sample, which shall be obtained randomly.

21         Furthermore, Plaintiff's counsel is instructed to inform each potential class member that 1)

22   he or she has a right not to talk to counsel, and 2) that, if he or she elects not to talk to counsel,

23   Plaintiff's counsel will terminate the contact and not contact them again. *See Bell v. Delta Air*

24   *Lines, Inc.*, 2014 WL 985829, at *4.

25         **C.     Special Interrogatory Nos. 4 & 6 and Requests for Production Nos. 4 & 6**

26         Interrogatory Nos. 4 and 6 seek the last dates of employment for putative class members

27   who either resigned or were terminated. (Dkt. No. 56 at 6.) The dispute is whether Best Buy must

28   produce information from February 11, 2015 to present. *Id.* Pursuant to the foregoing, Best Buy is

United States District Court
Northern District of California

United States District Court
Northern District of California

1    ordered to produce that information. *See* discussion *supra* Part III.A.

2         Requests for Production Nos. 4 and 6 similarly seek "all DOCUMENTS RELATING TO

3    the dates their employment was terminated including, but not limited to, TIME ENTRY

4    RECORDS, discharge notices and SEARCHABLE, ELECTRONIC DOCUMENTS." (Dkt. No.

5    57 at 2.)

6         Best Buy argues that fully responding to these requests would require manually sorting

7    through employee files to locate responsive documents, and then taking steps to redact those

8    documents, which would take an estimated fifteen to thirty minutes per employee. (Dkt. No. 57 at

9    5.) At this juncture, and in light of all of the other information already produced, that type of

10   individualized, pre-certification discovery runs afoul of Rule 26's proportionality requirement.

11   The Court, therefore, denies Plaintiff's request to compel those records. To the extent, however,

12   that Best Buy has access to any such responsive information to either these requests or the

13   corresponding interrogatories in a searchable, electronic format— database or otherwise— that

14   information shall be produced.

### IV.    CONCLUSION

16        In light of the foregoing, Defendant shall furnish the contact information for a random

17   sample of 500 potential class members in response to Special Interrogatory Nos. 1-3 within 14

18   days of this order. Additionally, Defendant shall furnish supplemental responses to Special

19   Interrogatory Nos. 4 and 6 and Requests for Production Nos. 4 and 6—if available in a searchable,

20   electronic format— that include responsive information to the present date, also within 14 days of

21   this order.

22        IT IS SO ORDERED.

23   Dated: September 8, 2017

24                                                        _____
                                                          KANDIS A. WESTMORE
25                                                        United States Magistrate Judge

26

27

28