UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONNA HARRIS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BEST BUY STORES, L.P.,<br><br>Defendant. | Case No. 4:17-cv-00446-HSG (KAW)<br><br>**ORDER REGARDING 10/5/17 JOINT LETTER RE: PLAINTIFF HARRIS'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 79 |

On October 5, 2017, the parties filed a joint letter concerning the sufficiency of Defendant Best Buy's responses to Plaintiff Starvona Harris's third set of requests for production of documents. (Joint Letter, Dkt. No. 79.) Specifically, Plaintiff contends that Defendant's response to Request No. 13 was insufficient. *Id.* at 2.

Request No. 13 seeks

> all DOCUMENTS RELATING TO manual pay requests including, but not limited to, policies, instructions given to managers or supervisors, DOCUMENTS showing how long it takes to process a manual pay request pursuant to the policy set forth in the document stamped BB/Harris-Strickland 000887-888, and DOCUMENTS showing when hours and compensation associated with manual pay requests appear on wage statements.

(Joint Letter at 2.) Best Buy objected to the request of numerous grounds, including that it was vague and ambiguous, not temporally or geographically limited, and that it was "premature because Plaintiff has not substantiated her class allegations." (Joint Letter, Ex. 2 at 2-3.) Best Buy responded subject to the objection and provided that it would produce its policies concerning the submission of manual pay requests. (Joint Letter, Ex. 2 at 3.)

Plaintiff now seeks the online manual pay requests ("MPR") relating to final payment, whether paid via direct deposit or by paper check, "to support Plaintiff Harris's claim that

Defendant failed to timely pay all wages due to putative class members when their employment ended, in violation of Labor Code §§ 201-203." (Joint Letter at 2.) Plaintiff claims that the information is necessary to show when the payments were made versus when they were submitted. *Id.* at 3. In opposition, Best Buy contends that Plaintiff already has the information requested in other documents and databases, including the former employees' respective dates of termination and the dates final checks were written, and has not provided any rationale as to how the form of payment—direct deposit or manual check—is relevant. (Joint Letter at 4-5.) The Court agrees.

There is no allegation that manual paper checks were not mailed on or around the date the checks were issued, and to require Best Buy to manually search its old databases to retrieve information that is not contained in its current database is unduly burdensome and not proportional to the needs of the case. This would hold true even if Best Buy's estimation that it would take 3-5 minutes per employee is exaggerated. (*See* Joint Letter at 5.) Moreover, information regarding the policy and practice of MPR for final payments would be better obtained using other discovery devices, such as interrogatories or deposition.

In light of the foregoing, Plaintiff's request to compel a supplemental response to Request No. 13 is DENIED.

IT IS SO ORDERED.

Dated: October 26, 2017

KANDIS A. WESTMORE
United States Magistrate Judge