UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS, ET AL., <br> Plaintiffs, <br> v. <br> BEST BUY STORES, L.P., <br> Defendant. | Case No. 4:17-cv-00446-HSG (KAW) <br><br> **ORDER REGARDING 10/5/17 JOINT LETTER RE: HARRIS'S FIRST SET OF DOCUMENT REQUESTS** <br> Re: Dkt. No. 80 |

On October 5, 2017, the parties filed a joint letter concerning the sufficiency of Defendant Best Buy's responses to Plaintiff Starvona Harris's first set of requests for production of documents. (Joint Letter, Dkt. No. 80.) Specifically, Plaintiff seeks supplemental responses to Request Nos. 1-3, 5, and 7. *Id.* at 1. In opposition, Best Buy has offered to supplement its responses 30 days before trial. *Id.* at 2. This is unacceptable under the Federal Rules. Indeed, all documents should be produced when they are discovered, as the parties have an ongoing obligation to supplement their discovery responses when they learn new information. *See* Fed. R. Civ. P. 26. While this surely does not require Best Buy to provide daily updates, waiting 30 days before trial is unreasonable and contravenes the spirit of Rule 26. Thus, as Plaintiff is entitled to supplemental information, the parties are ordered to meet and confer regarding how often that information shall be supplemented after the district court decides the pending motion for class certification, which would presumably close the class period.

Notwithstanding, Best Buy's contention that Plaintiff should have raised these issues when the responses were the subject of the May 30, 2017 meet and confer is well taken. Plaintiff is advised that future efforts to compel discovery on previously resolved disputes will not be well received unless she clearly articulates why the dispute is being brought so belatedly. In this case,

however, it is reasonable for Plaintiff to seek supplemental information based on Best Buy's untenable position regarding supplementation.

Lastly, Plaintiff seeks the names of the putative class members and PAGA-aggrieved employees. (Joint Letter at 3.) Best Buy opposes this request and states that employees may contact Plaintiff if they are so inclined. *Id.* at 4. Best Buy argues that the Court already required it to provide contact information for 500 employees. *Id.* While true, the undersigned now orders Best Buy to produce the employee ID numbers for those employees whose contact information was furnished on September 8, 2017. (*See* 9/8/17 Order, Dkt. No. 72.) For the sake of clarification, Best Buy shall provide a document that matches each employee ID to each name and contact information, and shall do so within 14 days of this order.

Given the growing number of seemingly minor discovery disputes, the Court is concerned with the parties' apparent inability to meet and confer and resolve their disputes without court intervention. Thus, going forward, the parties are reminded of their obligation to comply with the Northern District's Guidelines for Professional Conduct, which requires that "[b]efore filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly." Northern District Guidelines for Professional Conduct § 10(a) (available at: *https://cand.uscourts.gov/professional_conduct_guidelines*).

IT IS SO ORDERED.

Dated: October 26, 2017

KANDIS A. WESTMORE
United States Magistrate Judge