MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
Sarah J. Allen, Bar No. 306286
600 Anton Blvd., Suite 1800
Costa Mesa, CA  92626
Tel:     949.399.7000
Fax:    949.399.7001
barbara.miller@morganlewis.com
sarah.allen@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Shannon B. Nakabayashi, Bar No. 215469
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:     415.442.1000
Fax:    415.442.1001
shannon.nakabayashi@morganlewis.com

Attorneys for Defendant
BEST BUY STORES, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONA HARRIS and JONATHAN STRICKLAND individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY STORES, L.P., a limited partnership,<br><br>Defendants. | Case No. 4:17-cv-00446-HSG-KAW<br><br>**DEFENDANT BEST BUY STORES, L.P.'S SUPPLEMENTAL BRIEF PER THE COURT'S JANUARY 10, 2018 ORDER**<br><br>Date:       January 18, 2018<br>Time:      2:00 p.m.<br>Dept.:     Courtroom 2 (4th Floor)<br>Judge:    Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S SUPPLEMENTAL BRIEF
CASE NO. 4:17-CV-00446-HSG KAW

Pursuant to the Court's January 10, 2018 Order (Docket # 112), Defendant Best Buy Stores, L.P. ("BB") submits this Supplemental Brief.

### A. The Holding of *Douglas* Has Limited Applicability, but Supports Defendant

Currently pending before the Court are BB's Motion to Dismiss (Dkt. #58); Motion for Summary Judgment ("MSJ") (Dkt. # 91) and Plaintiffs' Motion for Class Certification. Dkt #85. BB is not clear that the Ninth Circuit's decision in *Douglas* has relevance to any of the Motions. In *Douglas,* "[t]he issue presented is a pure question of statutory interpretation – when gauging compliance with the FLSA's minimum wage provision, it is permissible to use the workweek [as opposed to "work hour"] as the unit of measure?" *Douglas,* 875 F. 3d at 886. The Ninth Circuit, following the "sound reason" of other circuits, and well as guidance from the Department of Labor ("DOL"), confirmed the "per workweek" approach. *Id.* at 888-89.

Plaintiffs current lawsuit does not involve the Fair Labor Standards Act ("FLSA")'s minimum wage provisions. Plaintiffs have no FLSA or minimum wage claim. Plaintiffs allege BB failed to pay *overtime* in violation of the California Labor Code and seek ancillary penalties under the California Labor Code for inaccurate wage statements and late payments. *See* Second Amended Complaint, Dkt # 55. The legal issues before the Court involve whether two different methods of calculating overtime arrive at the same result as a mathematical certainty. *Douglas'* holding relates to properly determining whether employees received minimum wage in a workweek. *Douglas,* 875 F. 3d at 887.

*Douglas* does support BB's position that the regular rate should be calculated weekly – not monthly – as asserted by Plaintiffs' expert. *See* Breshears Suppl. Expert Decl. ¶¶25-26 (Dkt #96-6, Ex. A). The Ninth Circuit noted that the DOL has long endorsed the "workweek" as the "**standard basis**" on which "determinations of … **compliance with the wage payment requirements** of the FLSA are made." 875 F. 3d at at 889 (emphasis added). Thus, the case confirms that overtime calculations must be made on a workweek basis. This means that the STI bonus at issue needs to be allocated to the workweek, and whether any additional overtime is owed is a workweek calculation. Thus, because Strickland received an overtime premium on a meal break premium that was not statutorily required during the only week at issue for him that credits against statutory overtime owed pursuant to 29 U.S.C. Section 207(h)(2), he cannot be owed anything.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32608770.1

1

DEFENDANT'S SUPPLEMENTAL BRIEF
CASE NO. 4:17-CV-00446-HSG KAW

**B.     The Legal Theories Distinguished in *Douglas* Have No Relevance to this Case.**

The arguments distinguished by *Douglas* are not at issue in this case. *Douglas* questions the district court for reasoning that "a contract could determine compliance with the FLSA." *Douglas,* 875 at 889 (disagreeing with the district court's "contract measuring rod approach.")  However, the court was referring to the FLSA's minimum wage provisions.  By contrast, this case involves the amount of incentive bonuses which clearly have a contractual component.  *See* Dkt. 91, pp. 16-17 (discussing 29 CFR §778.210).  Second, the *Douglas'* Court's rejection of "equitable offsets" does not impact this case, as BB makes no equitable offset argument.  Here, BB has correctly argues the FLSA, specifically 29 U.S.C. §207 (h)(2), expressly allows certain types of non-statutory premium payments *to be credited* towards statutory overtime owed. ("Extra compensation paid as described … subsection (e) shall be creditable toward overtime compensation payable pursuant to this section."); *see also* 29 C.F.R. § 778.202(a) ("[i]f the payment of such contract overtime compensation is in fact contingent upon the employee's having worked in excess of 8 hours in a day . . . the extra premium compensation paid for the excess hours … may be credited toward statutory overtime payments pursuant to section 7(h) of the Act.")[1]  A statutory credit is not an equitable offset and therefore *Douglas* has no application to BB's argument.

**C.     *Douglas* Emphasizes Reliance on DOL Guidance.**

*Douglas* stresses the importance of adhering to the DOL's guidance. *See Douglas,* 875 F. 3d at 886 ("Courts have overwhelmingly followed the agency's guidance.")  As the Court is aware, in *Harris I,* BB argued that prior DOL Opinion Letters created confusion. *Starvonna Harris v. Best Buy*

---

[1] 29 USC § 207 (h) states in full: (h) **Credit toward minimum wage or overtime compensation of amounts excluded from regular rate**: (1)   Except as provided in paragraph (2), sums excluded from the regular rate pursuant to subsection (e) shall not be creditable toward wages required under section 206 of this title or overtime compensation required under this section. (2)   Extra compensation paid as described in paragraphs (5), (6), and (7) of subsection (e) shall be creditable toward overtime compensation payable pursuant to this section.
29 C.F.R. § 778.202(a) states:
(a) **Hours in excess of 8 per day or statutory weekly standard.** Many employment contracts provide for the payment of overtime compensation for hours worked in excess of 8 per day or 40 per week. Under some contracts such overtime compensation is fixed at one and one-half times the base rate; under others the overtime rate may be greater or less than one and one-half times the base rate. If the payment of such contract overtime compensation is in fact contingent upon the employee's having worked in excess of 8 hours in a day or in excess of the number of hours in the workweek specified in section 7(a) of the Act as the weekly maximum, the extra premium compensation paid for the excess hours is excludable from the regular rate under section 7(e)(5) and may be credited toward statutory overtime payments pursuant to section 7(h) of the Act.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32608770.1

2

DEFENDANT'S SUPPLEMENTAL BRIEF
CASE NO. 4:17-CV-00446-HSG KAW

*Stores,* Case No. 15-cv-00657-HSG ("*Harris I*"), BB's Reply in Support of its Motion for Summary Judgment, Dkt # 71, p. 6: 17-7:8.  The opinion letters (since withdrawn) appearing to construe 29 CFR 778.210 as an "exclusion" from the regular rate.  BB argued:

> 29 CFR 778.210 does not, however, involve an exclusion from the regular rate at all; it simply explains that a bonus that is includable in the regular rate will simultaneously pay both straight time and overtime owed where the same percentage is applied equally to both straight time earnings and the overtime on those straight time earnings as an arithmetic fact. Thus, DOL opinion letters that treat § 778.210 as a regular rate exclusion and therefore improperly incorporate the "all remuneration" language of 29 USC § 207(e) clearly misconstrue the plain language of the controlling regulation….

*Harris I*, Dkt # 71, p. 7: 2-7.  This Court thereafter denied BB's MSJ in *Harris I* in part on the ground that it disagreed with BB's interpretation of the Opinion Letters, and based its denial of the summary judgment motion on those Opinion Letters.  *Harris v. Best Buy Stores, L.P.*, No. 15-CV-00657-HSG, 2016 WL 4073327, at *5 (N.D. Cal. Aug. 1, 2016).

On January 5, 2018, however, the DOL <u>withdrew</u> the 1973 Opinion Letter on which this Court relied on denying summary judgment, stating it "does not accurately describe an employer's obligation with regard to non-discretionary bonus payments or the treatment of payments properly excludable under section 7(e)."  The DOL reissued a withdrawn opinion letter which states:

> [U]nder section 778.210, a bonus paid as a predetermined percentage of an employee's straight time and overtime compensation increases the straight-time and overtime earnings by the same percentage, and thereby includes proper overtime-premium compensation without need for additional computation.  Where a bonus is computed in this manner, the employee receives proper overtime compensation as an arithmetic fact.  *See* 29 C.F.R. § 778.503.
>
> It is our opinion that a bonus program such as you describe satisfies the conditions set forth in section 778.210 because the same predetermined percentage would be applied to the employee's straight time and overtime wages.  … Wage and Hour Opinion Letter WH-241 is withdrawn to the extent that it is inconsistent with section 778.210 and the cited opinion letters.

As argued in BB's MSJ and in *Harris I,* BB has properly calculated the Plaintiffs' regular rate.  The Opinion Letters previously relied upon by the Plaintiffs, and subsequently the Court, represent an incorrect and non-citable view of law.  As in *Douglas,* Plaintiffs' overtime claims should be dismissed.

| | |
|---|---|
| Dated: January 16, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| | BY  /S/ BARBARA J. MILLER |
| | BARBARA J. MILLER |
| | Attorneys for Defendant |
| | BEST BUY STORES, L.P. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32608770.1

3

DEFENDANT'S SUPPLEMENTAL BRIEF
CASE NO. 4:17-CV-00446-HSG KAW