UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARVONNA HARRIS, et al., Plaintiffs, v. BEST BUY STORES, L.P., Defendant. | Case No. 17-cv-00446-HSG <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 141, 143 |

Pending before the Court are Plaintiff Starvona Harris's motion for partial summary judgment and Defendant BestBuy Stores, L.P.'s ("Best Buy") motion for summary judgment or, in the alternative, for partial summary judgment. *See* Dkt. Nos. 141 ("Harris Mot."), 143 ("BB Mot."). Briefing on both motions is complete. *See* Dkt. Nos. 142 ("Harris Opp."); 145 ("Harris Reply"); 146 ("BB Opp."); 148 ("BB Reply"). This Court held a hearing on these motions on January 24, 2019.

For the reasons below, the Court **DENIES** Plaintiff's motion for partial summary judgment, **GRANTS** Defendant's motion for summary judgment as to Harris's seventh cause of action under the Private Attorneys General Act ("PAGA") to the extent Harris's PAGA cause of action is based on "Previous Period Hrs" entries, but **DENIES** Defendant's motion for summary judgment as to any purported failure to include social security numbers or employee identification numbers on wage statements.

//

//

//

//

## I. BACKGROUND

Relevant facts for this motion are undisputed.[1] On February 11, 2015, Harris mailed to the California Labor Workforce Development Agency ("LWDA") and Best Buy a letter concerning potential claims based on Labor Code violations. *See* Dkt. No. 141-5. The letter stated the following about alleged Section 226 noncompliance:

> Pursuant to Labor Code § 226(a), at the time of each payment of wages, every employer must provide its employees with an accurate itemized statement in writing showing . . . gross wages earned . . . total hours worked by the employee . . . and the corresponding number of hours worked at each hourly rate by the employee. On information and belief, Best Buy failed to provide such writings and all of this information to its employees. Among other violations, their wage statements do not contain the . . . correct hours worked at each correct rate of pay, the total hours worked, the correct gross wages earned and the correct net wages because (a) they were not timely paid (or at all) agreed upon wages (including bonuses) and overtime wages . . . among other things . . . . [Harris and other employees] were not able to determine their correct hours worked and compensation from the wage statements, such that they were required to hire an attorney and expert to gather and review other documents.

*Id.* at 5–6; *see also* Harris Mot. at 2–3 (citing this as the relevant language); BB Opp. at 2–3 (same). The letter added the following about alleged Section 204 noncompliance:

> Pursuant to Labor Code § 204, all wages earned by any person in any employment are due and payable twice during each calendar month. . . . Best Buy violated this code section by not paying to Ms. Harris and other former and current nonexempt California employees all regular and overtime wages . . . ."

Dkt. No. 141-5 at 4; *see also* Harris Mot. at 3 (citing this as the relevant language); BB Opp. at 3 (same).

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is evidence in the

---

[1] The Court previously set forth this litigation's extensive procedural and factual history. *See* Dkt. Nos. 123, 136. This order incorporates those unchanged facts. Here, the Court only discusses facts and legal standards germane to the pending motions.

record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* The Court views the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

The moving party bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex Corp.*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts enter summary judgment in favor of the movant. *Celotex Corp.*, 477 U.S. at 323.

3

## III. ANALYSIS

Harris's motion contends that the undisputed facts show (1) she properly exhausted PAGA's administrative notice requirements as to her remaining Section 226(a) and Section 204 claims, and (2) Best Buy violated Sections 226(a) and 204. Harris Mot. at 10–18. Best Buy's motion contends that the undisputed facts show (1) Harris did not properly exhaust PAGA's administrative notice requirements as to the remaining Section 226(a) and 204 claims, and (2) Harris cannot prevail on any PAGA claim for violations of Section 226(a) based on alleged failures to include proper identifying numbers on wage statements. BB Mot. at 4–6.

### A. Harris's Letter Did Not Provide Adequate Notice of the Remaining Section 226(a) and 204 Claims

The Court starts with whether Harris properly exhausted PAGA's administrative notice obligations, a prerequisite to suit. And because the Court previously dismissed Harris's PAGA claims to the extent they are based on Best Buy's alleged failure to pay overtime wages, the scope of the remaining PAGA claims is narrow. *See* Dkt. No. 123 at 20. Harris's remaining Section 226(a) and 204 claims—on which both parties seek summary judgment—are based on Best Buy's alleged failure to timely approve time entries and adjustments. For example, Harris contends that her wage statement for the February 16, 2014 to March 1, 2014 pay period did not reflect 14.10 hours worked. Harris Mot. at 5. On March 1, 2014, Harris made (1) corrective entries for time worked on February 28, 2014, and (2) a manual entry of time worked on March 1, 2014. *Id.* And Harris's manager did not approve these entries until after Best Buy exported payroll entries for that pay period, meaning Harris was not paid for those 14.10 hours worked until the following wage statement—for the March 2, 2014 to March 15, 2014 pay period—under a "Previous Period Hrs" entry. *Id.* at 5–6.

#### i. PAGA's Notice Requirements

Before bringing a PAGA claim, an aggrieved employee must first exhaust administrative procedures set out in Labor Code Section 2699.3, which includes providing notice to the employer and the Labor and Workforce Development Agency ("LWDA") "of the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged

4

violation." Cal. Labor Code § 2699.3(a)(1)(A). The PAGA notice requirement serves a vital informational function:

> The evident purpose of the notice requirement is to afford the relevant state agency . . . the opportunity to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations. Notice to the employer serves the purpose of allowing the employer to submit a response to the agency, again thereby promoting an informed agency decision as to whether to allocate resources toward an investigation.

*Williams v. Superior Court*, 398 P.3d 69, 79 (Cal. 2017) (internal citation omitted).

PAGA's notice requirement demands more than bald allegations of Labor Code violations. *See Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015); *Brown v. Ralphs Grocery Co.*, 239 Cal. Rptr. 3d 519, 528–29 (Ct. App. 2018). Such allegations, however, need not be supported by proof. *Williams*, 398 P.3d at 79 ("Nothing in Labor Code section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing."). What matters is that the notice provides LWDA and the employer adequate information about the alleged violations so that each may respond in an informed manner. *See Alcantar*, 800 F.3d at 1057. The notice must allow the LWDA "to intelligently assess the seriousness of the alleged violations." *Id.* It must also allow the employer "to determine what policies or practices are being complained of so as to know whether to fold or fight." *Id.*

### ii. Harris's Letter

Harris contends that her letter satisfied PAGA's "minimal" notice requirements. Harris Mot. at 10–13. Relying on *Williams*—a recent decision of the Supreme Court of California—and a number of district court cases, including *Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246 (C.D. Cal. 2011), Harris believes that the statements excerpted above adequately disclosed her remaining theory of liability to support Section 226 and 204 claims. *Id.*; *see also* BB Opp. at 5–10 ("Contrary to Best Buy's argument, no granular level of detail is required in the PAGA notice because discovery had not yet begun . . . ."). Best Buy contends that although

5

Harris's letter cites the relevant Labor Code sections and sufficiently specifies certain theories of liability, it "does not assert any theory of liability that in any way references the 'Previous Period Hours' issue she now seeks to adjudicate in her cross-motion for summary judgment." BB Mot. at 4–5. Best Buy argues that, in context, the portions of Harris's letter excerpted above only disclosed other theories of liability, and thus neither the LWDA nor Best Buy could have gleaned the pending theory of liability from Harris's letter. *See, e.g.*, Harris Opp. at 7–8; BB Reply at 4–7.

Although PAGA's notice requirements are not demanding, they are not as "minimal" as Harris suggests. *See* Harris Mot. at 10. As courts routinely explain, it is not enough for a PAGA letter to assert "a series of legal conclusions." *See Alcantar*, 800 F.3d at 1057. And providing notice of one theory of liability does not constitute notice of an alternative theory. *See Stoddart v. Express Servs., Inc.*, No. 2:12-cv-01054-KJM-CKD, 2015 WL 5522142, at *6–7 (E.D. Cal. Sept 16, 2015); *Bradescu v. Hillstone Rest. Grp., Inc.*, No. SACV 13-1289-GW (RZx), 2014 WL 5312546, at *11 (C.D. Cal. Sept. 18, 2014).

Harris's letter undoubtedly provided adequate notice as to some theories of liability, but not as to any theory of liability based on supervisors' failure to timely approve time entries. In isolation, the language Harris argues represents adequate notice of this theory of liability under Sections 226 and 204—excerpted in full above—arguably amounts to no more than bald assertions of Labor Code violations, which would be insufficient. *See Alcantar*, 800 F.3d at 1057. More important than the cursory nature of the excerpted language, however, context reveals this language only disclosed no-longer-pending theories of liability. For example, Harris contends the following adequately disclosed the pending theory of Section 204 liability based on alleged failures of supervisors to timely approve time entries: "Best Buy violated [Section 204] by not paying to Ms. Harris and other former and current nonexempt California employees all regular and overtime wages . . . ." Harris Mot. at 3. But the brief's ellipsis omits the critical language "as described above, which remain unpaid." *See* Dkt. No. 141-5 at 4. The theory that was "described above" in the "Factual Background" section was that Best Buy "failed to properly calculate the regular rate of pay used for overtime compensation, as it did not properly include the bonus amount in the regular rate calculations," and "failed to pay the bonus and overtime premium based

6

upon the bonus within the same pay periods it was earned or the subsequent pay period." *Id.* at 2.

Thus, while Harris's letter discussed other theories of liability in substantial detail, nothing in it mentions any failure by supervisors to timely approve time edits. *Id.* at 1–4.[2] In context, nothing in Harris's letter gave the LWDA sufficient information "to intelligently assess" possible Labor Code violations by Best Buy for failure to timely approve time entries. *See id.* Nor did it provide Best Buy with enough information to determine that Harris was complaining about supervisors' failure to timely approve time entries, "so as to know whether to fold or fight." *Id.*

*Williams* supports this conclusion. There, the Supreme Court of California rejected the proposition that a PAGA notice must contain proof supporting the "facts and theories" specified in the notice. 398 P.3d at 79. But that holding in no way diminished the independent obligation to sufficiently specify "facts and theories." To the contrary, *Williams* reaffirmed that PAGA notices must adequately detail "the allegations an aggrieved employee is making and any basis for those allegations." *Id. Williams* thus stands for the principle that, while a PAGA notice must *specify* facts and theories, it need not *prove* those facts and theories. *Id.* ("Nothing in Labor Code 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing."). Harris's reliance on *Williams* is therefore unavailing because nothing in the letter could be reasonably construed as specifying Labor Code violations based on supervisors' failure to timely approve time entries.

Harris's reliance on *Cardenas* is similarly misplaced. *See* Harris Mot. at 11; BB Opp. at 5–6. Unlike here, there was no dispute in *Cardenas* over whether the PAGA notice sufficiently specified labor law violations. *Cardenas*, 796 F. Supp. 2d at 1260 ("Indeed, MFI does not dispute that [plaintiffs put forward sufficient facts to support their claims of labor violations]."). Rather, the *Cardenas* defendant sought to restrict plaintiffs' action to claims on behalf of particular employees identified in the PAGA notice, a limitation the court rejected. *Id.* at 1259–61. Thus, *Cardenas* does not support Harris' position on the central issue here, where the parties dispute

---

[2] Under similar scrutiny, all other language in Harris's letter that she now argues disclosed the pending theory of liability in fact related to—and thus disclosed—other theories of liability.

whether a PAGA notice meets the threshold requirement of sufficiently specifying facts and theories.

### B. Summary Judgment is Not Warranted for Allegations Not Raised in the Second Amended Complaint

Defendant separately seeks summary judgment as to any "alleged failure to include 'the last four digits of his or her social security number or an employee identification number.'" BB Mot. at 5–6. But as Plaintiff notes, "[t]his is not an allegation in the Second Amended Complaint." BB Opp. at 10.[3] The Court thus **DENIES** Defendant's request for summary judgment on this unadvanced claim.

## IV. CONCLUSION

The Court **DENIES** Plaintiff's motion for partial summary judgment, **GRANTS** Defendant's motion for summary judgment as to Harris's seventh cause of action under PAGA to the extent Harris's PAGA cause of action is based on "Previous Period Hrs" entries, but **DENIES** Defendant's motion for summary judgment as to any purported failure to include employee identification numbers on wage statements.

**IT IS SO ORDERED.**

Dated: 1/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] At the hearing on this motion, Best Buy's counsel acknowledged that summary judgment is not warranted, or sought, as to allegations not raised in the second amended complaint.