**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

**BARNES LAW OFFICES**
580 CALIFORNIA ST., 16TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 231-6110
FACSIMILE: (888) 415-0801
PAGE@PBARNESLAW.COM

PAGE R. BARNES, BAR NO. 153539

ATTORNEYS FOR PLAINTIFFS, STARVONA HARRIS, JONATHAN STRICKLAND AND THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STARVONA HARRIS AND JONATHAN STRICKLAND, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>v.<br><br>BEST BUY STORES, L.P., A LIMITED PARTNERSHIP,<br><br>DEFENDANT. | CASE NO. 4:17-CV-00446 HSG<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR APPROVAL OF PAGA SETTLEMENT**<br><br>**NO HEARING REQUIRED**<br><br>DATE: September 12, 2019<br>TIME: 2:00 p.m.<br>CTRM: 2<br>JUDGE: Hon. Haywood S. Gilliam, Jr. |

1  TO DEFENDANT BEST BUY STORES, LP AND ITS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT on September 12, 2019 at 2:00 p.m., Plaintiff
3  Starvona Harris ("Harris") will move the Court, which is located at the Oakland
4  Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California 94612, for
5  approval of the Private Attorneys General Act ("PAGA") settlement reached in this case,
6  pursuant to California Labor Code § 2699(l)(2) et seq.  The Court indicated at an earlier
7  Case Management Conference that no hearing is required for this motion.  In the
8  unopposed motion, Harris moves for approval of the $5,000 PAGA settlement to be
9  distributed to the Labor Workforce Development Agency and potential aggrieved
10 employees by an administrator pursuant to California Labor Code § 2699(i) and dismissal
11 with prejudice of all PAGA claims asserted in this action and the PAGA notice.

12     Harris's unopposed motion for approval of the PAGA settlement reached in this
13 case should be granted because the settlement is reasonable under the circumstances.  In
14 this case, the Court has already dismissed various PAGA claims and made determinations
15 relating to class certification that precluded Harris from prosecuting most PAGA claims.
16 Harris also determined during discovery in this matter that certain PAGA claims had no
17 merit.  As a result, the only PAGA claim that Harris could pursue was the claim that 219
18 individuals were discharged and not paid all wages at the termination of their
19 employment under California Labor Code §§ 201, 203.  The $5,000 PAGA settlement
20 amount represents approximately twenty-five percent (25%) of the maximum PAGA
21 penalties for the 219 potential aggrieved employees.  This percentage is reasonable
22 considering that Defendant Best Buy Stores, LP had many defenses to their claims and
23 courts have routinely approved PAGA settlement amounts that represent a much lower
24 percentage of the maximum PAGA penalties.

25     //
26     //
27     //
28

1
PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR APPROVAL OF PAGA SETTLEMENT

1  This Motion is based upon this Notice of Motion and Motion, Points and
2  Authorities, the Declaration of Kevin Woodall and all documents filed and entered in this
3  case and related cases.

DATE: M AY 14, 2019

WOODALL LAW OFFICES
BARNES LAW OFFICES

BY: /S/PAGE BARNES
PAGE BARNES
ATTORNEYS FOR PLAINTIFF, STARVONA HARRIS