**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

**BARNES LAW OFFICES**
580 CALIFORNIA ST., 16TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 231-6110
FACSIMILE: (888) 415-0801
PAGE@PBARNESLAW.COM

PAGE R. BARNES, BAR NO. 153539

ATTORNEYS FOR PLAINTIFF, STARVONA HARRIS,
JONATHAN STRICKLAND AND THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STARVONA HARRIS AND JONATHAN STRICKLAND, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> v. <br><br> BEST BUY STORES, L.P., A LIMITED PARTNERSHIP, <br><br> DEFENDANT. | CASE NO. 4:17-CV-00446 HSG <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF HARRIS'S UNOPPOSED MOTION FOR APPROVAL OF PAGA SETTLEMENT** |

Plaintiff Harris's Unopposed Motion for Approval of PAGA Settlement was heard by the Court. No appearances were necessary by Plaintiff Starvona Harris ("Harris") and Defendant Best Buy Stores LP ("Best Buy"). After reviewing the motion and supporting papers and good cause therefor,

Plaintiff Harris's Unopposed Motion for Approval of PAGA Settlement is GRANTED. Specifically, the Court approves the PAGA settlement terms in the executed Settlement Agreement, which is Exhibit B to the Woodall Declaration filed in support of the motion. The $5,000 PAGA payment shall be distributed by Simpluris, Inc. as follows: 75% to the Labor Workforce Development Agency and 25% to the 219 potential aggrieved employees identified in the Settlement Agreement, in accordance with California Labor Code § 2699 et seq. The Court also dismisses with prejudice all PAGA claims that were alleged by Plaintiff Harris in the PAGA notice (Woodall Decl., Exh. A) and in this action, including those brought in the First Federal Action (Case No. 3:15-cv-00657 HSG), the Second Federal Action (4:17-cv-00446 HSG) and California Superior Court, County of Alameda under California Labor Code §§ 558, 510, 204, 210, 225.5, 558, 1194, 1197 and 1197.1, 226, 226.3, 1174, 1174.5, 1175, 1198, 201-203, 256, 2802, 218.5, 218.6 and 2699. The settlement is reasonable because: (1) the Court has already determined that many PAGA claims cannot be maintained; (2) Plaintiff Harris determined after thorough discovery that other PAGA claims have no merit; (3) Best Buy raised defenses to the remaining PAGA claim for violations of California Labor Code §§ 201, 203, including the lack of willfulness; and (4) this settlement represents approximately 25% of the maximum PAGA penalties under the circumstances, which is a much higher percentage than PAGA settlements approved by many other courts.

IT IS SO ORDERED.

Dated:   6/10/2019

*[signature: Haywood S. Gilliam Jr.]*

U.S. DISTRICT COURT JUDGE

1

[PROPOSED] ORDER GRANTING PLAINTIFF HARRIS'S UNOPPOSED MOTION FOR APPROVAL OF PAGA SETTLEMENT